## Nall v. Commonwealth.

(Decided May 5, 1925.)

### Appeal from McCracken Circuit Court.

1. Criminal Law—Crimes Committed Under Coercion or Compulsion, Except Taking Human Life, are Excused.—The law will excuse a person when acting under coercion or compulsion for committing most, if not all, crimes, except taking life of an innocent person.

2. Criminal Law—Compulsion to Excuse Criminal Act Must be Imminent and Induce Apprehension of Death or Serious Bodily Harm.—A threat of future injury will not excuse a criminal act, but compulsion must be imminent and impending and of such a

nature as to induce well-grounded apprehension of death or serious bodily harm, if act is not done.

3. Criminal Law—Refusal to Instruct on Defense of Coercion Held Error, where Substantial Evidence to Support Such Defense.— In prosecution of minor for breaking and entering a store house with intent to steal, where there was substantial evidence that defendant was compelled to commit crime under threats by another armed with a pistol, question whether defense of coercion was mere sham was for jury and not court, and court's refusal to instruct on coercion was error.

L. B. ALEXANDER for appellant.

FRANK E. DAUGHERTY, Attorney General, and CHAS. F. CREAL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

Appellant, who was eighteen years of age when the crime was committed, was convicted of the offense of breaking and entering a storehouse with intent to steal and his punishment fixed at one year's imprisonment.

According to the evidence for the Commonwealth, the Hawk Eye Oil Company conducts a gasoline and oil filling station at the northeast intersection of Seventh and Broadway streets in Paducah. On the night of August 15, 1923, Mattie Culver, a woman forty-five years of age, drove appellant in an automobile to a point near the station. Appellant then left the car, broke into the oil station and took from the cash register a quantity of cash and checks. Someone notified the police and on their arrival appellant escaped from the filling station through a window. He afterwards met Mattie Culver, who had driven away, and turned over to her the money and checks except a portion which he had dropped in the yard of a residence while making his escape. Appellant admitted the offense, but defended on the ground that he was the victim of coercion or compulsion. In support of this claim he testified that he had worked at Floyd Culver's garage a while and became acquainted with him and his wife, Mattie Culver. On the night in question he was at Wallace park when Mattie Culver came by in an automobile and asked him to go down town with her. While driving along she told him that she wanted him to break into the filling station. She also drew a pistol and told him that if he did not do so she would kill him. She had the pistol on him until the automobile stopped across the street. She then got out of the car and followed him

to the station and kept the pistol pointed at him until he broke into the station. He did not want to break in, but was afraid of Mattie Culver. Mrs. J. L. Nall, the mother of appellant, testified that after her son was arrested Mattie Culver came to her home and told her that it was all her fault, that she had told her son that if he did not break into the building she would blow his brains out, and showed witness the gun she had used. Mrs. Nall was corroborated by her daughter, who claims to have been present when the conversation occurred.

The failure of the court to give an instruction on coercion is the sole ground urged for reversal. Though the question has not arisen in this state, it seems to be settled in other jurisdictions that the law will excuse a person when acting under coercion or compulsion for committing most, if not all, crimes, except taking the life of an innocent person. 8 R. C. L. 125, Rex v. Crutchley, 5 Car. & P. 133, 24 Com. Law Rep. 490; 16 C. J. 91; People v. Repke, 103 Mich. 459, 61 N. W. 861; Morgan v. State, 3 Sneed (Tenn.) 475. However, a threat of future injury is not enough to excuse a criminal act, but the compulsion must be present, imminent and impending, and of such a nature as to induce a well grounded apprehension of death, or serious bodily harm if the act is not done. U. S. v. Vigol, 2 Dall. 346; People v. Martin, 13 Cal. A. 96, 108 P. 1034. The rule seems to be a sound one and we perceive no reason why it should not prevail in this state.

It is suggested that the defense of coercion in this case is a mere sham or subterfuge. That may be, but where it is supported by substantial evidence the question is for the jury and not for the court. Having this view of the case it follows that the court should have instructed on the question of coercion.

Judgment reversed and cause remanded for a new trial consistent with this opinion.