Marie KINSLOW, Petitioner,

v.

J. C. CARTER, Jr., Judge of the Monroe Circuit Court, Respondent.

Court of Appeals of Kentucky.

June 17, 1955.

Rehearing Denied Oct. 14, 1955.

Brents Dickinson, Jr., Glasgow, for petitioner.

Paul Carter, Commonwealth's Atty, Tompkinsville, for respondent.

WADDILL, Commissioner.

The petitioner, Marie Kinslow, seeks a permanent order of this Court prohibiting the respondent, J. C. Carter, Jr., as Judge of the Monroe Circuit Court, from enforcing an order adjudging petitioner to be in contempt of court for refusing to answer certain questions propounded to her by the Monroe County Grand Jury which the respondent had directed her to answer. The basis of petitioner's request is that she cannot be punished for asserting her constitutional privilege against self-incrimination. A temporary order was issued by a Judge of this Court staying the proceedings pending this action.

The record discloses that on September 25, 1954, the petitioner, who was then a minor, executed an affidavit before the County Judge of Monroe County charging that her father had compelled her to have sexual intercourse with him. A warrant of arrest was issued charging petitioner's father with the crime of incest. At the examining trial, petitioner, under compulsion, reiterated the charge, which resulted in the matter being referred to the Monroe County Grand Jury for appropriate action.

When petitioner was called to testify before the grand jury concerning the al-

leged crime, she refused to answer any questions, claiming so to do might tend to incriminate her. After the foreman of the grand jury reported the foregoing facts, the court heard the petitioner, overruled her objections, and ordered her to reply to the questions propounded to her by the grand jury. Upon her refusal to comply with the court's order, petitioner was adjudged in contempt of court and was ordered to jail until she complied with the court's order.

■ It is conceded that the respondent was proceeding within his jurisdiction. However, the character of the relief sought by petitioner makes necessary a determination of whether or not respondent is proceeding erroneously in such a manner that great and irreparable injury will occur, and petitioner is without another adequate remedy. Armstrong v. Bryan, Ky., 273 S.W.2d 835; Clark v. Jones, Ky., 258 S.W.2d 902.

■■ The Kentucky Constitution, Section 11, provides:

"* * * He cannot be compelled to give evidence against himself, * * *."

This provision of our Constitution should be accorded liberal construction in favor of the right it was intended to secure. Taylor v. Commonwealth, 274 Ky. 51, 118 S.W.2d 140. Also, see, Arndstein v. McCarthy, 254 U.S. 71, 41 S.Ct. 26, 65 L.Ed. 138; Counselman v. Hitchcock, 142 U.S. 547, 12 S.Ct. 195, 35 L.Ed. 1110. And we have held that the constitutional protection against self-incrimination extends to investigations before grand juries. Taylor v. Commonwealth, 274 Ky. 51, 118 S.W.2d 140; Frain v. Applegate, 239 Ky. 605, 40 S.W.2d 274; Gordon v. Tracy, 194 Ky. 166, 238 S.W. 395.

■ When petitioner refused to answer the questions propounded by the grand jury, the respondent was procedurally authorized by Section 108 of our Criminal Code of Practice to conduct a hearing to determine whether or not the questions would elicit answers having a tendency to incriminate her. However, the petitioner contends that the constitutional privilege of silence protects her, because she feared her answers, if given, might tend to incriminate her, and she should be the sole judge of the hazard of incrimination. But her mere statement in that respect was not conclusive. It is for the court to say whether her silence is justified, and to require her to answer if it clearly appears to the court that her claim of privilege is illusory. Frain v. Applegate, 239 Ky. 605, 40 S.W.2d 274; Gordon v. Tracy, 194 Ky. 166, 238 S.W. 395. Also, see, United States v. Reynolds, 345 U.S. 1, 73 S.Ct. 528, 97 L. Ed. 727; Singleton v. United States, 343 U.S. 944, 72 S.Ct. 1041, 96 L.Ed. 1349; Greenberg v. United States, 343 U.S. 918, 72 S.Ct. 674, 96 L.Ed. 1332; Hoffman v. United States, 341 U.S. 479, 71 S.Ct. 814, 95 L.Ed. 1118; Mason v. United States, 244 U.S. 362, 37 S.Ct. 621, 61 L.Ed. 1198; and, Virginia Law Review, Volume 41, page 311.

■ To hold otherwise, would place in every witness the power to deprive parties of the benefit of his testimony by a mere colorable pretense that his answers to questions would have a tendency to implicate him in some crime, or would expose him to a penalty or forfeiture, when it is clear that the questions have no such tendency. However, the witness, upon interposing his claim, is not required to prove the hazard in the sense in which a claim is usually required to be established in court because he would be compelled to surrender the very protection which the privilege is designed to guarantee. To sustain the privilege, it need only be evident from the implication of the question, in the setting in which it is asked, that a responsive answer to the question or an explanation of why it cannot be answered might be dangerous because injurious disclosure could result. The trial judge in appraising the claim must be governed by the character of the questions and his personal perception as to the substantial probability that the answers of the witness would furnish a link in the chain of evidence needed to

prosecute the claimant for an offense punishable by the laws of this state. Frain v. Applegate, 239 Ky. 605, 40 S.W.2d 274. Also, see, Hoffman v. United States, 341 U.S. 479, 71 S.Ct. 814, 95 L.Ed. 1118; State v. Wood, 99 Vt. 490, 134 A. 697, 48 A.L.R. 985.

The record before us in the instant case is incomplete. It does not reflect the questions propounded to the petitioner during the grand jury investigation, nor does it contain what transpired during the hearing before the trial court. Under such circumstances we must assume for the purposes of this decision that petitioner's affidavit, which appears in the record, states the true facts concerning the perpetration of the alleged crime.

 Under her sworn statement she was the victim of her father's lust, and, therefore, is neither an accomplice nor criminally responsible for the crime. Nall v. Commonwealth, 208 Ky. 700, 271 S.W. 1059; Commonwealth v. Barney, 115 Ky. 475, 74 S.W. 181; Whitaker v. Commonwealth, 95 Ky. 632, 27 S.W. 83. However, irrespective of her statement, in cases involving incest between a father and his minor daughter, the presumption is that the daughter involuntarily participated in the sexual intercourse, and because of that presumption it must be held that she had no criminal intention to commit a crime. Commonwealth v. Shilladay, 311 Ky. 478, 224 S.W.2d 685; Nall v. Commonwealth, 208 Ky. 700, 271 S.W. 1059; Roberson's New Kentucky Criminal Law, Second Edition, Sections 17 and 28.

 In the event petitioner gives testimony, under compulsion, to either the grand jury or the court that she voluntarily participated in sexual intercourse with her father, such coerced incriminating evidence cannot be used against her in any subsequent criminal proceeding in this Commonwealth. In disposing of the question whether the petitioner had the right to exercise the privilege of silence, we find no basis in this record for such claim under the Kentucky Constitution.

 As to petitioner's assertion of privilege under the Fifth Amendment of our Federal Constitution, it has been held that the first ten amendments thereto were enacted for the purpose of placing restrictions and limitation upon the Federal Government and its agencies, and are not limitations upon the State Governments. Taylor v. Commonwealth, 274 Ky. 51, 118 S.W. 2d 140; Palko v. State of Connecticut, 302 U.S. 319, 58 S.Ct. 149, 82 L.Ed. 288; Twining v. State of New Jersey, 211 U.S. 78, 29 S.Ct. 14, 53 L.Ed. 97, and State v. Arnold, Ohio Com.Pl.1954, 124 N.E.2d 473. Hence, it is not available to the petitioner under the circumstances appearing.

Wherefore, the temporary order heretofore issued by this Court is dissolved and the request for a permanent order of prohibition is denied.