Larry H. ROY and Donald E. Ault,
Appellants,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Oct. 12, 1973.

Donald W. Jones, Princeton, for appellants.

Ed W. Hancock, Atty. Gen., Patrick B. Kimberlin, III, Asst. Atty. Gen., Frankfort, for appellee.

STEINFELD, Justice.

Appellants Larry H. Roy and Donald Eugene Ault were found guilty of escaping from a state penitentiary, a crime denounced by KRS 432.390. Their punishment was fixed at three years' imprisonment. They appeal. We affirm.

While incarcerated Roy and Ault had been assigned as "nurses" in the prison hospital. Their defense for escaping was "coercion and necessity," sometimes called "duress." They testified that as prison "nurses" they had access to narcotics and that they had been threatened with bodily harm by other inmates unless they stole drugs and supplied them to the prisoners. They contended that their choices were to steal and supply the drugs or refuse to do so and suffer the consequences, which they believed would be serious bodily injury or even death. The defense of "coercion and necessity" has been recognized in Nall v. Commonwealth, 208 Ky. 700, 271 S.W. 1059 (1925), and Kinslow v. Carter, Ky., 282 S.W.2d 141 (1955).

Appellants produced Dr. Robert Hyde, a physician, for the purpose, they say, of showing that another prisoner, the succes-

sor of appellant Ault as a prison "nurse," was killed shortly after he succeeded Ault and at a time when he had narcotics in his possession. This testimony was to illustrate and reveal the real danger of not supplying narcotics as demanded. The court sustained an objection to this witness' testifying, which appellants claim was prejudicial error.

We are unable to determine if they were prejudiced as they did not avail themselves of RCr 9.52, which authorizes a party to present rejected testimony by the use of an avowal. Having failed to take advantage of this rule, they cannot rely on this alleged error. Baker v. Commonwealth, Ky., 482 S.W.2d 766 (1972).

Appellants also claim error because the trial court refused their request to instruct the jury as to "coercion and necessity (duress)" as a defense. The Commonwealth concedes that " * * * when the accused relies upon facts and circumstances which would amount to an avoidance of the crime committed or which would have the effect of exonerating him of criminal intent, he is entitled to a concrete instruction as to his excuse or theory of the case. Monson v. Commonwealth, Ky., 294 S.W. 2d 78 (1956)." The Commonwealth says there was no proof that there was a

present, immediate and imminent apprehension of death or serious bodily harm. It quotes from Nall v. Commonwealth, 208 Ky. 700, 271 S.W. 1059 (1925), in which we wrote " * * * a threat of future injury is not enough to excuse a criminal act, but the compulsion must be present, imminent, and impending, and of such a nature as to induce a well-grounded apprehension of death, or serious bodily harm if the act is not done."

"Where accused sets up the affirmative defense of duress, he has the burden of proving it." 22A C.J.S. Criminal Law, § 575, p. 322. Appellants refused to tell who threatened them and they admitted that at the time they escaped they were under no present imminent danger. They said they had not alerted the prison official to the situation, although they had asked for a transfer to other prison employment. We are of the opinion that the proof offered to justify the drastic means they used to protect themselves does not meet the test expressed in Nall v. Commonwealth, supra. They were not entitled to have the jury instructed on this defense.

The judgment is affirmed.

All concur.