**Billy Ray CRIPPLE, Appellant,**

v.

**COMMONWEALTH of Kentucky,**
**Appellee.**

Court of Appeals of Kentucky.

Feb. 15, 1974.

Anthony M. Wilhoit, David E. Murrell, Frankfort, for appellant.

Ed W. Hancock, Atty. Gen., John M. Famularo, Asst. Atty. Gen., Frankfort, for appellee.

PALMORE, Justice.

The appellant, Billy Ray Cripple, was jointly indicted with Jackie Caudill and Larry Caudill for the armed robbery of Hazel Durbin, the proprietor of a small country store in Lee County. Cripple was tried separately, found guilty, and given the minimum sentence of 10 years in the penitentiary. Cf. KRS 433.140.

The only contention made on this appeal is that since the trial court instructed on the theory of conspiracy and there was no evidence of injury to person or property, cf. KRS 437.120, the maximum permissible punishment was imprisonment for one year and a fine of $5,000 under KRS 437.110, the conspiracy statute.

There was no evidence for the defense. Mrs. Durbin testified that Cripple and the two Caudills arrived together, were in different parts of the store when Jackie Caudill pointed a pistol at her and forced her to give him a handful of money from the cash register, and then departed together in an automobile from which she took the license number.

The instruction in question followed the form of the first instruction set forth in Sec. 960 of Stanley's Instructions to Juries, which was specifically approved under analogous facts in Hammershoy v. Commonwealth, Ky., 408 S.W.2d 624, 627 (1966).

Cripple could be found guilty as a principal in the offense of armed robbery on either one of two theories, as an aider and abettor or as an accessory before the fact. See Watkins v. Commonwealth, Ky., 465 S.W.2d 245, 248 (1971). In substance, the instruction authorized a conviction only if (1) there was a conspiracy in which Cripple took part and (2) it was carried out by commission of the armed robbery, thus excluding the possibility of his being found guilty as an impromptu aider and abettor, and in that respect we are inclined to believe it was more favorable to him than it needed to be.

Though it may be unusual for a case in which the defendant was present or close enough to have been an aider and abettor when the crime was committed, use of the words "conspire" and "conspiracy" in an instruction in order to state the circumstances under which he may be convicted as an accessory before the fact certainly does not connote that he is being prosecuted under the conspiracy statute. As a matter of fact, the offense of conspiring to commit a crime is not a lesser degree of the crime itself. If the crime is committed, the offense of conspiracy ordinarily is merged into it. Cf. Faison v. Commonwealth, Ky., 405 S.W.2d 943, 944 (1966). If not, the conspiracy stands as an independent offense. While there is ample authority for inclusion of the conspiracy theory in an instruction authorizing conviction for the crime that was the object of the conspiracy, cf. Ray v. Commonwealth, 230 Ky. 656, 20 S.W.2d 484, 488–489, 66 A.L.R. 1297 (1929), we know of none in which it has been held that one may be convicted of the crime of conspiracy itself under an indictment which does not charge that particular offense. Hence it seems quite probable that an instruction under KRS 437.110 in this case would have been erroneous.

The judgment is affirmed.

All concur.