Billy T. DELANEY, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

March 7, 1975.

Anthony M. Wilhoit, Public Defender, Frankfort, Jim R. Early, Asst. Public Defender, Frankfort, for appellant.

Ed W. Hancock, Atty. Gen., George Geoghegan, III, Asst. Atty. Gen., Frankfort, for appellee.

VANCE, Commissioner.

This is an appeal from a judgment under which appellant was sentenced to confinement in the penitentiary for a term of five years for the crime of holding a hostage. KRS 432.505.

The appellant admitted taking and holding a guard at the penitentiary as a hostage. He claims that he was requested and coerced into doing so by the warden. In

substance he claims that the warden was disturbed by certain newspaper stories relating to prison abuses and that the warden promised to assist appellant in securing a parole if appellant would hold a guard as hostage and demand an audience with newspaper reporters at which appellant would praise the prison administration and state that the hostage was taken to dramatize the inmates' protest against the unfair allegations against prison authorities which had been printed.

Appellant asserts on appeal that the instructions were erroneous in that he was entitled to an affirmative instruction setting forth the defenses of entrapment and coercion and a further instruction upon the lesser-included offense of conspiracy.

■ Entrapment is the inducement of one to commit a crime not contemplated by him, for the mere purpose of instituting a criminal prosecution against him. Alford v. Commonwealth, 240 Ky. 513, 42 S.W.2d 711 (1931); Reels v. United States, 239 F. 2d 863 (6th Cir. 1956); 21 Am.Jur.2d, Entrapment, Section 143; 22 C.J.S. Criminal Law Section 45(2).

■ There is nothing in the evidence to suggest that the objective of the scheme outlined by the appellant was to bring about his prosecution. On the contrary according to his own testimony he agreed to commit a crime for a promised reward, and he does not argue that the warden devised this scheme for the purpose of instituting prosecution against him.

■■ An affirmative instruction on the defense of coercion is warranted only where the evidence discloses a well-grounded apprehension of imminent, impending danger to life or of great bodily harm. Pittman v. Commonwealth, Ky., 512 S.W.2d 488 (1974); Nall v. Commonwealth, 208 Ky. 700, 271 S.W. 1059 (1925). There was no showing of a well-grounded apprehension of imminent, impending danger to the appellant in this case.

■ Once a crime has been committed, any preexisting conspiracy to commit the crime is merged into it and is not a lesser-included degree of the crime itself. Cripple v. Commonwealth, Ky., 506 S.W.2d 506 (1974).

We conclude that the instructions were not erroneous.

■ Appellant next asserts that he was prejudiced by the failure of the trial court to permit him to inspect certain notes which were referred to by a Commonwealth's witness during his testimony. RCr 7.26 requires production of statements of a witness (1) which have been signed or initialed by him or (2) which purport to be a substantially verbatim statement made by him. There is nothing in this record to indicate that the notes referred to by the witness Cowan during his testimony were in the form of a statement signed or initialed by him or purported to be a substantially verbatim statement made by him. RCr 7.26 is not applicable in these circumstances.

Complaint is also made of the conduct of the trial judge and alleged improper argument of the Commonwealth's Attorney. We do not find any prejudicial misconduct on the part of the trial judge. Some portions of the argument of the Commonwealth's Attorney exceeded the bounds of propriety but no objection was raised as to those portions of the argument. We do not consider as prejudicial those portions of the argument to which timely objection was made.

The judgment is affirmed.

All concur.