COMMONWEALTH of
Kentucky, Appellant,

v.

William T. SPEAKES, Appellee.

No. 87–SC–543–DG.

Supreme Court of Kentucky.

Nov. 25, 1987.

David L. Armstrong, Atty. Gen., Michael L. Harned, Asst. Atty. Gen., Frankfort, for appellant.

Jerry Anderson, Lexington, for appellee.

WINTERSHEIMER, Justice.

This appeal is from a decision of the Court of Appeals which reversed the con-

viction of Speakes for conspiracy to promote gambling. He had been sentenced to five years probation and the Commonwealth was granted discretionary review.

The issues presented are whether the prosecution properly alleged and proved an overt act in furtherance of the conspiracy and whether the conspiracy merged into the substantive crime of promoting gambling in the second degree.

Evidence presented at trial indicated that Speakes had agreed to assist Mike Smith in bookmaking activities. Speakes testified on his own behalf and admitted to this arrangement. There was also evidence that Speakes had actually engaged in bookmaking activities and Speakes admitted as much in his testimony. The jury was instructed on promoting gambling in the second degree and on conspiracy to promote gambling. They returned a verdict of guilt under the conspiracy instruction. The Court of Appeals reversed the conviction and this Court granted review of that decision.

Prior to trial, Speakes had filed a motion to dismiss the indictment because he contended that it failed to allege an overt act in furtherance of the conspiracy as required by KRS 506.050(1). A majority of a panel of the Court of Appeals agreed and reversed the conviction reasoning that activities in furtherance of the crime itself are not overt acts in furtherance of the conspiracy.

This Court reverses the decision of the Court of Appeals and reinstates the judgment of conviction.

■ The prosecution properly alleged and proved an overt act in furtherance of the conspiracy. There was evidence that Speakes accepted wagers on sporting events in pursuance of the conspiracy. Such acceptance of wagers is an overt act pursuant to the statute. KRS 528.040. The provisions of KRS 506.050(1) are applicable to the crime of conspiracy to promote gambling. The fact that the overt act alleged may also be the substantive offense is of no consequence to the conspiracy conviction.

■ The conspiracy does not merge into the substantive crime of promoting gambling in the second-degree. KRS 528.040 separates the crime of conspiracy to promote gambling and the crime of conducting gambling and assigns to each a different penalty.

The commentary to KRS 528.040 states in part that the conspiracy concept is generally the only means of reaching organized gamblers of the syndicate as they hire others to conduct their bookmaking activities. Any conspiracy to promote gambling is punishable as a Class D felony.

The commentary continues and we concur that although this penalty may not be consistent with the sanction provided for criminal conspiracy in KRS 506.040(2), the organized or professional gambler should be subject to punishment for a felony even though his provable gambling activities are a misdemeanor. It should also be noted that there is no inherent inconsistency in this case because the defendant was not convicted of the misdemeanor. He admitted to the gambling charge but that cannot be used to avoid the conspiracy conviction. KRS 506.110(2) allows a conviction for conspiracy in a case such as this as well as for the consummated crime.

Reliance on *Cripple v. Commonwealth,* Ky., 506 S.W.2d 506 (1974) is misplaced because that case was decided prior to the effective date of the Kentucky Penal Code. *Cripple, supra,* is further distinguishable because it merely states that if the crime is committed the offense of conspiracy ordinarily is merged. Here the legislative intent is clearly that a conspiracy to promote gambling should be subject to punishment as a felony even though the provable gambling activities may only be misdemeanors. Consequently this is not an ordinary situation as contemplated by *Cripple.*

The decision of the Court of Appeals is reversed and the judgment of conviction is reinstated.

All concur.