**Robert Lee BATES, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

No. 2003–CA–001668–MR.

Court of Appeals of Kentucky.

July 23, 2004.

Case Ordered Published by Court of Appeals Sept. 17, 2004.

As Modified Oct. 15, 2004.

Linda Roberts Horsman, Frankfort, KY, for appellant.

Gregory D. Stumbo, Attorney General, James Havey, Assistant Attorney General, Frankfort, KY, for appellee.

Before GUIDUGLI and KNOPF, Judges; EMBERTON, Senior Judge.[1]

## OPINION

THOMAS D. EMBERTON, Senior Judge, (Assigned).

Robert Bates was convicted of escape in the second degree and being a persistent felony offender in the second degree. The sole issue on appeal is whether the trial court erroneously failed to give a duress instruction. We find that the evidence did not warrant the instruction and affirm.

Bates was lodged in the Breckinridge County Jail charged with theft by unlawful taking and criminal mischief in the first degree. On August 22, 2001, he was transported to the Breckinridge Circuit Court, and upon the return trip Bates and another inmate escaped from the prison van. Bates fled to Washington State where he remained until February 2, 2002, when he was apprehended.

At his trial on the escape charge, Bates testified that he escaped from custody because prior to leaving for court he received a threat that after his return, he would be forced to perform oral sex on other inmates. However, he was unable to identify the inmates who threatened him and admitted that he did not report the alleged threat to prison officials or otherwise seek protection.

■ The trial court denied Bates' request for instructions on the defenses of duress and choice of evils.

■ KRS [2] 501.090 states:

(1) In any prosecution for an offense other than an intentional homicide, it is a defense that the defendant engaged in the proscribed conduct because he was coerced to do so by the use of, or a threat of the use of, unlawful physical force against him or another person which a person in his situation could not reasonably be expected to resist.

(2) The defense provided by subsection (1) is unavailable if the defendant intentionally or wantonly placed himself in a situation in which it was probable that he would be subjected to coercion.

The duress defense differs from the choice of evils defense contained in KRS 503.030:

(1) Unless inconsistent with the ensuing sections of this code defining justifiable use of physical force or with some other provisions of law, conduct which would otherwise constitute an offense is justifiable when the defendant believes it to be necessary to avoid an imminent public or

---

1. Senior Judge Thomas D. Emberton sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and KRS 21.580.

2. Kentucky Revised Statutes.

private injury greater than the injury which is sought to be prevented by the statute defining the offense charged, except that no justification can exist under this section for an intentional homicide.

(2) When the defendant believes that conduct which would otherwise constitute an offense is necessary for the purpose described in subsection (1), but is wanton or reckless in having such belief, or when the defendant is wanton or reckless in bringing about a situation requiring the conduct described in subsection (1), the justification afforded by this section is unavailable in a prosecution for any offense for which wantonness or recklessness, as the case may be, suffices to establish culpability.

Although we have not been cited a case in this Commonwealth where it was held reversible error to refuse a choice of evils instruction as a defense to escape, case law does imply that an instruction is appropriate where a prisoner escapes from custody because of an imminent threat of injury.[3] Bates concedes that the threat of injury to him was not imminent, and therefore, makes no contention on appeal that he was entitled to a choice of evils instruction. He contends, however, that the present version of KRS 501.090 does not require an imminent threat of injury.

Prior to 1974, the law was stated in *Nall v. Commonwealth:*[4]

[T]he law will excuse a person when acting under coercion or compulsion for committing most, if not all, crimes, except taking the life of an innocent per-

son. . . . However, a threat of future injury is not enough to excuse a criminal act, but the compulsion must be present, imminent, and impending, and of such a nature as to induce a well-grounded apprehension of death, or serious bodily harm if the act is not done. (Citations omitted.)

■ In *Roy v. Commonwealth,*[5] the court reaffirmed the principle that the defense required a present imminent danger. The Commonwealth points out that since the adoption of the modern penal code in 1974, there have been no Kentucky cases where duress was asserted as a defense to an escape charge; it, however, agrees with Bates that an imminent threat is no longer a requirement for a duress instruction.

We do not believe that a duress instruction was warranted for several reasons. Even if the lack of imminent threat was not fatal to Bates' defense, it is available only where the defendant engaged in the proscribed conduct because he was coerced into its commission.[6] To support a duress instruction in this case, Bates must have presented evidence that he was coerced into escaping. The threat of forcing him to perform oral sex on other inmates, while under limited circumstances could support a choice of evils defense, it cannot support a duress instruction. There is nothing in the evidence that anyone coerced or forced Bates to commit the act of escape.

KRS 501.090, in addition to requiring the defendant be coerced into performing the criminal act, also requires that the defendant could not be reasonably expected to have resisted the coercion. When

---

3. *See Montgomery v. Commonwealth,* Ky., 819 S.W.2d 713, 718 (1991); *Damron v. Commonwealth,* Ky., 687 S.W.2d 138, 139 (1985); *Senay v. Commonwealth,* Ky., 650 S.W.2d 259, 260 (1983).

4. 208 Ky. 700, 271 S.W. 1059, 1060 (1925).

5. Ky., 500 S.W.2d 921 (1973).

6. *Taylor v. Commonwealth,* Ky., 995 S.W.2d 355, 361 (1999).

escape is the charge, it is reasonable for the defendant to have attempted to avoid the threatened conduct by utilizing the protection of prison officials rather than engaging in the criminal conduct of escape. Bates admitted he did not seek the protection of prison officials nor inform them of the alleged threats.[7]

Finally, we note that following his escape and long after the alleged threat had passed, Bates remained in Washington for five months before being apprehended. We adopt the language in *United States v. Bailey*,[8] where the court stated:

> [I]n order to be entitled to an instruction on duress or necessity as a defense to the crime charged, an escapee must first offer evidence justifying his continued absence from custody as well as his initial departure an that an indispensable element of such an offer is testimony of a bona fide effort to surrender or return to custody as soon as the claimed duress or necessity had lost its coercive force.

The judgment of the Breckinridge Circuit Court is affirmed.

ALL CONCUR.

---

7.  *See, Roy, supra.*

8.  444 U.S. 394, 412–13, 100 S.Ct. 624, 635–36, 62 L.Ed.2d 575, 592 (1980) (footnote omitted).