**Stanley DICK, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Supreme Court of Kentucky.

July 3, 1979.

Rehearing Denied Aug. 21, 1979.

Jack Emory Farley, Public Defender, Edward C. Monahan, Asst. Public Defender, Frankfort, for appellant.

Robert F. Stephens, Atty. Gen., Patrick B. Kimberlin, III, Asst. Atty. Gen., Frankfort, for appellee.

AKER, Justice.

Stanley Dick was convicted in the Calloway Circuit Court of four counts of aiding in the commission of third-degree burglary and two counts of third-degree burglary. KRS 511.040. The jury fixed his punishment at five years' imprisonment on one of the aiding and abetting counts and one year's imprisonment on each of the other five counts. The trial judge ordered the sentences to run consecutively.

The Court of Appeals affirmed Dick's conviction. He seeks review by this court. We affirm.

Appellant operated a pool hall located in Tennessee a short distance south of Calloway County, Kentucky. Terry Gibson, a 15-year-old, testified that he was in appellant's pool hall on February 2, 1976, and that he and Dick decided to break into the C & H Candy House in Hazel, Kentucky. The two drove to the store in appellant's truck; Dick drove around while Gibson broke in and took 20 to 30 dollars. This procedure was repeated at J. C. Gallimore's restaurant, a Texaco station, and a U–Totem Store. Gibson stated that both he and Dick entered the Hazel Lumber Company and took some change. A Hazel dry-cleaning establishment was the last business burglarized by the two; Gibson testified that Dick broke out the dry cleaner's window and Gibson entered.

Appellant's defense was that he was intoxicated during the time the break-ins occurred. Appellant testified that he drank from early evening on February 2 until early the next morning and that he remembered nothing except loaning his truck to someone. Four other defense witnesses corroborated Dick's testimony that he was intoxicated during the time in question.

Dick contends the trial court erroneously instructed the jury that it could find him guilty on each count if the businesses were entered by either Gibson or Dick pursuant to a conspiracy between them to commit the thefts. Appellant asserts that the instructions were improper as to the four counts of aiding in the commission of burglary because the indictment charged him with complicity by the method of aiding. He argues he was substantially prejudiced by his conviction of a form of complicity not charged in the indictment. Appellant con-

cedes that the conspiracy instructions do not necessitate reversal of the convictions on the other two counts; therefore, our discussion will deal only with the charges of aiding.

The indictment charged that appellant committed four counts of third-degree burglary "by aiding and abeting (sic) Terry Gibson, a juvenile, in committing third-degree burglary by aiding and counseling the said Terry Gibson in unlawfully entering" the various businesses broken into. The instructions complained of authorized the jury to find Dick guilty of third-degree burglary if either he or Gibson entered the businesses "pursuant to, in furtherance of and during the continued existence of a conspiracy in which the defendant had agreed with Terry Gibson that one and more of them would enter the business house in question and commit or attempt to commit a theft."

It is true, as appellant contends, that a defendant may not be convicted of an offense not charged in the indictment. *Lovelace v. Commonwealth*, 193 Ky. 425, 236 S.W. 567 (1922). However, the indictment charged the crime of third-degree burglary, and that is the offense of which Dick was convicted.

The rather inartfully drawn indictment charged appellant with "counseling" Gibson. Failure of the trial judge to include the term "counseling" in the instructions to the jury amounts at most to a non-prejudicial variance between the indictment and the instruction. As was stated by this court in *Braswell v. Commonwealth*, Ky., 339 S.W.2d 637 (1960), " . . . a variance between the indictment and the proof is not regarded as material unless it misleads the accused in making his defense . . .." By a parity of reasoning, a variance between the language of the indictment and that of the instructions cannot be considered significant unless the accused was misled. The plain meaning of "counseling" is sufficiently akin to that of "conspiring" to put appellant on fair notice that evidence would be introduced to show he advised Gibson in the planning and execution of the named offenses. The notice given appellant of the charges against him sufficiently enabled him to prepare his defense. We therefore affirm.

The judgments of the trial court and the opinion of the Court of Appeals are affirmed.

All concur except CLAYTON, J., who is not sitting.