Robert TAYLOR, Appellant,

v.

COMMONWEALTH of Kentucky,
Appellee.

No. 97–SC–578–MR.

Supreme Court of Kentucky.

June 17, 1999.

Brenda Popplewell, Law Offices of Mark J. Stanziano, Somerset, KY, for appellant.

A.B. Chandler, III, Attorney General, State Capitol, Frankfort, KY, Christopher Brown, Assistant Attorney General, Office of Attorney General, Criminal Appellate Division, Frankfort, KY, for appellee.

COOPER, Justice.

Appellant, Robert Taylor, was convicted in the Knox Circuit Court of assault in the second degree, robbery in the first degree, and possession of a handgun by a minor. He was sentenced to ten years in prison for each of the felony convictions, which were ordered to run consecutively, and to twelve months confinement in the county jail for the misdemeanor handgun conviction, which was ordered to run concurrently, for a total of twenty years to serve. He appeals to this Court as a matter of right, Ky. Const. § 110(2)(b), claiming (1) his convictions of both assault and robbery constituted double jeopardy; (2) he was entitled to a separate trial from that of his co-defendant, Lucy Cotton; (3) the jury was not instructed on the whole law of the case; and (4) there was insufficient evidence to support his conviction of possession of a handgun by a minor.

On the afternoon of October 9, 1996, Appellant, then seventeen years of age, his girlfriend, Lucy Cotton, and Cotton's infant son had attended the Daniel Boone Festival and were traveling through rural Knox County in a 1985 Buick owned by Cotton's mother. They had with them a .22 rifle, a .38 Derringer handgun, and two shotguns. When the vehicle stalled, Appellant sought assistance from Herman McCreary, who lived nearby. McCreary agreed to help and drove his 1984 Ford pickup truck to the location of the stalled vehicle. Upon arrival, he observed Cotton sitting in the passenger seat of the Buick holding a child in her lap. Several attempts to jump-start the Buick failed. According to Cotton, Appellant told her, "If it don't start this time, I'm gonna take his truck," and armed himself with the .22 rifle and the .38 handgun. According to Appellant, Cotton pointed the .38 handgun at him and threatened to shoot him if he did not steal McCreary's truck.

When a final attempt to jump-start the Buick was unsuccessful, Appellant got out of the vehicle, pointed the .22 rifle at McCreary, and ordered him to lie on the ground. When McCreary complied, Appellant fired a round from the rifle into the ground near McCreary's head. According to Cotton, Appellant then struck McCreary in the head with the stock of the rifle. McCreary temporarily lost consciousness. Upon regaining consciousness, McCreary experienced dizziness and noticed blood coming from the left side of his head. Appellant then told McCreary to get into the ditch beside the road or he would "blow his head off." McCreary again complied, whereupon Appellant, Cotton and the child departed the scene in McCreary's truck. McCreary walked to a neighbor's house and called the police. Appellant and Cotton first stopped at the residence of Danny Ray Davis, where they left Cotton's infant child and unloaded all of their firearms except the .38 handgun. They then

proceeded to the residence of Ernest Collins. When law enforcement officers arrived shortly thereafter, Appellant and Cotton fled into the woods where they were ultimately apprehended.

In addition to the charges brought against Appellant, Cotton was indicted on charges of *inter alia* complicity to assault in the first-degree, complicity to robbery in the first degree, and unlawful transaction with a minor in the second degree (for inducing Appellant to assault and rob McCreary). The jury acquitted Cotton of all charges.

## I. DOUBLE JEOPARDY.

■■■ Appellant first asserts that his convictions violated the constitutional proscription against double jeopardy. U.S. Const. amend. V; Ky. Const. § 13. In *Commonwealth v. Burge*, Ky., 947 S.W.2d 805, 809–11 (1997), *cert. denied sub nom., Effinger v. Kentucky*, —— U.S. ——, 118 S.Ct. 422, 139 L.Ed.2d 323 (1997), we reinstated the *"Blockburger* rule," *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), as incorporated in KRS 505.020, as the sole basis for determining whether multiple convictions arising out of a single course of conduct constitutes double jeopardy. The test in this case is not whether all three convictions were premised upon the use or possession of a firearm, or whether both the assault and the robbery occurred in the course of a single transaction.

> The applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not.

*Blockburger*, 284 U.S. at 304, 52 S.Ct. at 182.

KRS 515.020(1) defines robbery in the first degree as follows:

> A person is guilty of robbery in the first degree when, in the course of committing a theft, he uses or threatens the immediate use of physical force upon another person with intent to accomplish the theft *and* when he:
>
> (a) Causes physical injury to any person who is not a participant in the crime; *or*
>
> (b) Is armed with a deadly weapon; *or*
>
> (c) Uses or threatens the use of a dangerous instrument upon any person who is not a participant in the crime. (Emphasis added.)

The first paragraph of the statute sets forth three elements which must be proven in any robbery case, *viz:* (1) In the course of committing a theft, (2) the defendant used or threatened the immediate use of physical force upon another person (3) with the intent to accomplish the theft. Subsections (a), (b) and (c) of the statute then describe three separate and distinct factual situations, any one of which could constitute the fourth element of the offense. The indictment of Appellant for robbery in the first degree in this case charged that he committed the offense "by being armed with a deadly weapon." The jury was instructed that it could convict Appellant of robbery in the first degree only if it believed beyond a reasonable doubt that "when he did so, he was armed with a .22 rifle." Thus, both the indictment and the instruction were predicated upon a violation of KRS 515.020(1)(b). Neither the indictment nor the instruction required Appellant to have caused a physical injury to McCreary or to have used or threatened the use of a dangerous instrument upon McCreary. KRS 515.020(1)(a) and (c).

KRS 508.020(1) defines assault in the second degree as follows:

> A person is guilty of assault in the second degree when:
>
> (a) He intentionally causes serious physical injury to another person; *or*
>
> (b) He intentionally causes physical injury to another person by means of a deadly weapon or a dangerous instrument; *or*

(c) He wantonly causes serious physical injury to another person by means of a deadly weapon or a dangerous instrument. (Emphasis added.)

■ The statute sets forth three alternative factual situations by which the offense can be committed. Although the indictment charged Appellant with having committed the offense "by striking Herman McCreary with a pistol," the jury instruction conformed to the testimony of Lucy Cotton, who provided the only evidence with respect to this offense:

You will find the defendant guilty under this instruction if, and only if, you believe from the evidence beyond a reasonable doubt all of the following:

(a) That in this county on or about October 9, 1996 and before the finding of the indictment herein, he *inflicted an injury* upon Herman McCreary by striking him with a .22 rifle, *a deadly weapon;*

AND

(b) That in so doing, the defendant *intentionally caused physical injury* to Herman McCreary.

(Emphasis added.)[1]

Thus, conviction of either the assault or the robbery of McCreary required proof of an element not required to prove the other. The conviction of robbery required proof of a theft, which was not required to convict of assault. The conviction of assault required proof of a physical injury to McCreary, whereas the conviction of robbery required proof only that Appellant used or threatened the use of physical force upon McCreary while armed with a .22 rifle.

The double jeopardy analysis in this case is similar to that in *Polk v. Commonwealth,* Ky., 679 S.W.2d 231 (1984), in which the defendants were convicted of both burglary in the first degree and assault in the first degree on the basis of evidence that they unlawfully entered the victim's home and stabbed him with a knife. Applying the *Blockburger* analysis, we noted in *Polk* that the burglary conviction required proof that the offense was committed while the defendant was "armed with a deadly weapon," or that he "threatened the use of a dangerous instrument" against the victim, or "caused physical injury" to the victim; whereas the assault conviction required proof of a "serious physical injury" inflicted by means of a deadly weapon or dangerous instrument. The burglary conviction did not require proof that the defendant actually used the weapon to inflict the injury upon the victim; nor did it require proof that the injury was a "serious physical injury" as defined in KRS 500.080(15), as opposed to a "physical injury" as defined in KRS 500.080(13). The assault conviction did not require proof of an unlawful entry into the victim's home. Thus, each offense required proof of an element that the other did not.

Appellant's reliance on *Sherley v. Commonwealth,* Ky., 558 S.W.2d 615 (1977), cert. denied, 435 U.S. 999, 98 S.Ct. 1655, 56 L.Ed.2d 89 (1978) and *O'Hara v. Commonwealth,* Ky., 781 S.W.2d 514 (1989) is misplaced. In each of those cases, the robbery conviction was premised upon KRS 515.020(1)(a), causing physical injury to the victim, not upon KRS 515.020(1)(b), being armed with a deadly weapon. Thus, in each case, the same element necessary to convict of assault, *i.e.,* physical injury to the victim, was a necessary element of the robbery. Because there was no additional element required to prove the assault than was required to prove the robbery, convic-

---

1. Appellant did not object to the variance of this instruction from the language of the indictment. The indictment described the weapon used to inflict the injury as a pistol, whereas the instruction described the weapon as a .22 rifle. Generally, instructions should be based on the evidence introduced at trial, *Parker v. Commonwealth,* Ky., 952 S.W.2d 209, 211 (1997), cert. denied, — U.S. —, 118 S.Ct. 1066, 140 L.Ed.2d 126 (1998), and any variance between the language of the indictment and the language of the instruction is not deemed prejudicial unless the defendant was misled. *Dick v. Commonwealth,* Ky., 585 S.W.2d 379 (1979).

tion of both was held to constitute double jeopardy.[2]

■ Appellant's claim that his conviction of possession of a handgun by a minor constituted double jeopardy has even less merit. There was no evidence that Appellant used the .38 handgun to commit either the robbery or the assault. Furthermore, conviction of this offense requires proof only that the weapon was a handgun, as defined in KRS 527.010(5), and that the defendant was under the age of eighteen at the time the handgun was possessed. KRS 527.100(1). Neither of those elements is required to prove the offense of either assault or robbery.

Since the majority of this Court is of the opinion that no double jeopardy violation occurred in this case, it is unnecessary to address whether the issue was waived by Appellant's failure to raise it at the trial level. *Cf. Butts v. Commonwealth*, Ky., 953 S.W.2d 943, 945 (1997); *Baker v. Commonwealth*, Ky., 922 S.W.2d 371, 374 (1996).

## II. SEPARATE TRIALS.

■ The trial judge has broad discretion in determining whether to grant separate trials and his/her decision in that regard will not be overturned absent a showing of prejudice to the defendant and a clear abuse of discretion by the judge. *Humphrey v. Commonwealth*, Ky., 836 S.W.2d 865 (1992); *Turpin v. Commonwealth*, Ky., 780 S.W.2d 619 (1989), *cert. denied*, 494 U.S. 1058, 110 S.Ct. 1530, 108 L.Ed.2d 769 (1990). In this case, the trial judge was not afforded the opportunity to exercise his discretion, since Appellant did not even request a separate trial. Nevertheless, he claims that the failure to grant him a separate trial *sua sponte* was palpable error. RCr 10.26. We conclude not only that there was no palpable error, but also that it would not have been an abuse

of discretion for the trial judge to deny a severance if such had been requested.

■ The indictments of Appellant and Cotton arose out of the same transactions. Appellant's only claim of prejudice is that Cotton denied any involvement in the robbery and assault and placed all the blame on him. However:

[N]either antagonistic defenses nor the fact that the evidence for or against one defendant incriminates the other amounts, by itself, to unfair prejudice.... That different defendants alleged to have been involved in the same transaction have conflicting versions of what took place, or the extent to which they participated in it, vel non, is a reason for rather than against a joint trial. If one is lying, it is easier for the truth to be determined if all are required to be tried together.

*Ware v. Commonwealth*, Ky., 537 S.W.2d 174, 177 (1976). Appellant was not entitled to a separate trial and the trial judge's failure to grant an unsolicited motion therefor was not palpable error.

## III. INSTRUCTIONS.

■ In a criminal case, it is the duty of the trial judge to prepare and give instructions on the whole law of the case, and this rule requires instructions applicable to every state of the case deducible or supported to any extent by the testimony. RCr 9.54(1); *Kelly v. Commonwealth*, Ky., 267 S.W.2d 536, 539 (1954). A defendant has a right to have every issue of fact raised by the evidence and material to his defense submitted to the jury on proper instructions. *Hayes v. Commonwealth*, Ky., 870 S.W.2d 786 (1993). Appellant asserts that the trial judge violated this principle in four respects.

*1. Duress.*

2. It is unnecessary to the decision in this case to address whether double jeopardy is avoided by the fact that KRS 515.020 requires proof that the defendant acted with the intent

to accomplish a theft, whereas KRS 508.020(1)(b) requires proof that the defendant acted with the intent to cause a physical injury.

Appellant claims the trial judge should have instructed the jury on the justification of duress, KRS 501.090, based on his own testimony that Cotton threatened to take his life if he did not take McCreary's truck. He is correct, *Nall v. Commonwealth,* 208 Ky. 700, 271 S.W. 1059 (1925), despite the fact that the factual predicate for his claim is implausible at best. Appellant testified that without ever asking him to steal McCreary's truck, Cotton threatened to kill him if he did not do so. Appellant further testified that Cotton, who is right-handed, was holding her infant child with her right arm while threatening to shoot him with the .38 handgun which she was holding in her left hand. Nor does Appellant explain how Cotton proposed to shoot him once he was outside the automobile and was, himself, armed with a .22 rifle. However, no matter how preposterous, any defense which is supported by the evidence must be submitted to the jury. "It is the privilege of the jury to believe the unbelievable if the jury so wishes." *Mishler v. Commonwealth,* Ky., 556 S.W.2d 676, 680 (1977).

Nevertheless, a judgment will not be reversed for errors in instructions unless upon the whole record it appears that the substantial rights of the defendant were prejudiced. RCr 9.24; *Bean v. Commonwealth,* Ky., 316 S.W.2d 231 (1958). The test for harmless error is whether there is any reasonable possibility that, absent the error, the verdict would have been different. *Commonwealth v. McIntosh,* Ky., 646 S.W.2d 43 (1983). In fact, the jury considered and rejected Appellant's claim that he was coerced by Cotton into robbing McCreary; for if the jury had believed that scenario, they would have convicted Cotton of complicity to robbery in the first degree and/or unlawful transaction with a minor in the second degree, KRS 530.065. Instead, the jury exonerated Cotton, thereby rejecting Appellant's claim that she coerced him into committing the offenses.

We are not unmindful that the burden of proof on this issue would have been differ-

ent with respect to Appellant than it was as to Cotton. The jury was required to acquit Cotton unless they believed beyond a reasonable doubt Appellant's claim that she coerced him into committing these crimes, whereas an instruction on duress would have required the jury to acquit Appellant unless they believed beyond a reasonable doubt Cotton's claim that she did not coerce him into committing these crimes. Theoretically, the jury could have believed that neither version had been proven beyond a reasonable doubt and, thus, acquitted both defendants. However, considering the inherently dubious nature of a claim of duress ("somebody else made me do it"), the implausibility of the factual predicate for Appellant's claim in this case, and the fact that the jury exonerated Cotton of any involvement in these crimes, we are satisfied that no reasonable possibility exists that, absent the error, the verdict would have been different. The failure to instruct the jury on the justification of duress was harmless error.

### 2. Choice of evils.

Appellant premises his entitlement to an instruction on the justification of choice of evils on the same facts supporting his entitlement to an instruction on duress. Specifically, he claims that he robbed McCreary under a belief that it was necessary to do so in order to save his own life. KRS 503.030(1). Since the jury necessarily disbelieved Appellant's claim that Cotton threatened his life if he did not rob McCreary, the failure to instruct the jury on choice of evils was equally as harmless as the failure to instruct on duress.

### 3. Intoxication.

Appellant testified that earlier that same day, prior to their trip to the Daniel Boone Festival and hours before the assault and robbery of McCreary, he asked Cotton for some aspirin and she gave him some blue pills, which he swallowed. Although he could not identify the blue pills, he at first testified that he im-

mediately "blanked out" and remembered nothing thereafter until he awoke in the Clark County Juvenile Detention Center some time after his arrest. However, he then testified in great detail about the events leading up to the assault and robbery of McCreary, as well as the events which occurred thereafter until and including his arrest. He later claimed that the period during which he "blanked out" actually occurred between when he first pointed the .22 rifle at McCreary and when he and Cotton left the scene in McCreary's truck, *i.e.*, the crucial period during which the assault and robbery took place.

Appellant neither tendered nor requested an instruction on intoxication, thus the issue is unpreserved for appellate review. RCr 9.54(2). As always, the claim on appeal is that it was palpable error for the judge to fail to instruct the jury on this issue *sua sponte*. RCr 10.26. We disagree. Though a trial judge may be required to instruct the jury as to an implausible defense if requested, *Mishler v. Commonwealth, supra*, we are unprepared to hold that an unsolicited failure to do so constitutes palpable error. Intoxication is available as a defense to criminal conduct only if it deprives the accused of the ability to form a culpable mental state essential to the commission of the charged offense. KRS 501.080. Appellant admitted that he formed the intent to rob McCreary and never claimed otherwise. Instead, he relied on the justification of duress. His claim of selective memory loss traceable to his ingestion of an unidentified substance several hours before the commission of these offenses is so unbelievable that the failure to instruct the jury on the issue of intoxication could not possibly rise to the level of manifest injustice.

*4. Assault in the fourth degree.*

 Appellant asserts error in the trial judge's refusal to instruct the jury on the offense of assault in the fourth degree as a lesser included offense of assault in the second degree. An instruction on a lesser included offense is appropriate if, and only if, on the given evidence a reason-

able juror could entertain a reasonable doubt as to the defendant's guilt of the greater offense, but believe beyond a reasonable doubt that the defendant is guilty of the lesser offense. *Skinner v. Commonwealth*, Ky., 864 S.W.2d 290 (1993); *Luttrell v. Commonwealth*, Ky., 554 S.W.2d 75 (1977).

 The uncontradicted evidence with respect to the assault was that Appellant struck McCreary in the head with the stock of a .22 rifle. Since the rifle was a deadly weapon as a matter of law, KRS 500.080(4)(a), Appellant could not have been convicted of assault in the fourth degree absent evidence that when he struck McCreary, he was acting recklessly, KRS 508.030(1),(2), *i.e.*, that he failed to perceive the risk that McCreary would be injured as a result of being struck in the head with the rifle. KRS 501.020(4). An instruction on a lesser included offense requiring a different mental state from the primary offense is unwarranted unless there is evidence supporting the existence of both mental states. *Commonwealth v. Chandler*, Ky., 722 S.W.2d 899 (1987); *Butler v. Commonwealth*, Ky., 560 S.W.2d 814 (1978); *Pilon v. Commonwealth*, Ky., 544 S.W.2d 228 (1976). Appellant did not claim to be unaware of the risk that McCreary would be injured as a result of his assault; nor was there any other evidence to support that proposition. Thus, Appellant was not entitled to an instruction on assault in the fourth degree. *Cf. Parker v. Commonwealth, supra*, note 1, at 212.

## IV. POSSESSION OF A HANDGUN BY A MINOR.

 Finally, Appellant asserts that the evidence was insufficient to support his conviction of possession of a handgun by a minor. The only elements of this offense are that the accused was under the age of eighteen and that he possessed, manufactured, or transported a handgun. KRS 527.100(1). The statute contains exceptions, none of which are applicable here.

Appellant admitted that he was seventeen years of age on October 9, 1996, and that he took possession of the .38 handgun shortly after arriving at Ernest Collins's residence and retained possession of it until shortly before his apprehension. Cotton testified that Appellant took possession of the .38 handgun immediately prior to robbing and assaulting McCreary and retained it until his apprehension. This evidence was more than sufficient to support Appellant's conviction of possession of a handgun by a minor.

Accordingly, the judgments of conviction and sentences imposed by the Knox Circuit Court are affirmed.

LAMBERT, C.J.; GRAVES, JOHNSTONE, KELLER and WINTERSHEIMER, JJ., concur.

STUMBO, J., dissents by separate opinion.

STUMBO, Justice, dissenting.

Respectfully, I must dissent. I believe Appellant's convictions for both assault and robbery violated the prohibition against double jeopardy. I would first note that, under the *Burge* test, the trial court correctly refused to dismiss the assault charge in the indictment. As written, the indictment did not violate the double jeopardy prohibition. The indictment charged Appellant with "**Assault in the Second Degree** by striking Herman McCreary with a pistol" and "**Robbery in the First Degree** by being armed with a deadly weapon while in the course of committing a theft of Herman McCreary." Clearly, these offenses arise from two distinct statutes. As charged, each would have required proof of a fact which the other did not. For the assault, the prosecution would have had to prove that Appellant struck McCreary with the .38 pistol causing a physical injury. For the robbery, the prosecution would have had to prove Appellant used or threatened to use physical force on McCreary while armed with a deadly weapon (presumably the .22 rifle) during the course of the theft of his truck.

In the end, however, the prosecution was unable to maintain this logically sound but practically impossible distinction. By the time the jury was instructed, the assault had merged into the robbery so that one was clearly included within the other. This is so because the jury instruction on second-degree assault required the jury to find the offense was accomplished "by *striking* him with a *.22 rifle*, a deadly weapon." (Emphasis added.) The jury instruction on first-degree robbery required the jury to find Appellant "*used* or threatened the immediate use of physical force upon Herman McCreary; AND (c) That when he did so, he was armed *with a .22 rifle*." (Emphasis added.) This melding of the charges allowed the jury to consider any assault with the .22 rifle during the incident as an element of the robbery and thus made the assault charge a lesser included offense of the robbery charge. KRS 505.020(1)(a) and (2)(a). Appellant may be convicted of only one of these offenses without violating the prohibition against double jeopardy. *Commonwealth v. Burge*, 947 S.W.2d at 805, 811 (1997). Therefore, I would vacate the conviction on the lesser charge of assault in the second degree. *See Walden v. Commonwealth*, Ky., 805 S.W.2d 102, 107 (1991), *overruled on other grounds by Commonwealth v. Burge*, Ky., 947 S.W.2d 805, 811 (1997).