Emory HUDSON, Appellant,

v.

COMMONWEALTH of Kentucky,
Appellee.

No. 2005–SC–0120–MR.

Supreme Court of Kentucky.

May 18, 2006.

As Modified on Denial of
Rehearing Oct. 19, 2006.

Damon L. Preston, Department of Public Advocacy, Frankfort, Counsel for Appellant.

Gregory D. Stumbo, Attorney General, Clint Evans Watson, Assistant Attorney General, Criminal Appellate Division, Office of the Attorney General, Frankfort, Counsel for Appellee.

## OPINION OF THE COURT

On January 18, 2005, a Montgomery Circuit Court jury convicted Appellant, Emory Hudson, of operating a motor vehicle while under the influence of alcohol ("DUI"), fourth offense, KRS 189A.010(1), (5)(d), (11)(d), a class D Felony, and of being a persistent felony offender in the first degree, KRS 532.080(3). The trial court sentenced Appellant to twenty years in prison, pursuant to the jury's recommendation. He appeals to this Court as a matter of right, Ky. Const. § 110(2)(b), asserting the following claims of error: (1) the trial court's failure to instruct the jury on alcohol intoxication; and (2) the trial court's refusal to grant a continuance. Finding no error, we affirm.

## FACTS.

On June 21, 2004, while operating his police cruiser westbound on Old Owingsville Road, Mt. Sterling police officer Greg Ball observed an eastbound white Dodge intrepid drift across the center line, forcing Ball and another westbound motorist to swerve off the road to avoid a head-on collision. Although Ball testified at trial that he could not positively identify Appellant as the driver of the adverse vehicle, he saw only one person in the car. Ball immediately reversed direction, activated his emergency equipment, and pursued the vehicle. Ball testified that as he approached the Dodge, it turned into an apartment complex parking lot and momentarily disappeared from view. Ball followed and regained sight of the vehicle as it pulled into a parking space and came to rest.

Ball testified that he approached the Dodge to find Appellant alone in the vehicle. seated in the driver's seat with the engine running, the radio blaring, and a forty-ounce beer bottle sitting on the passenger-side floorboard. Upon inquiry, Appellant admitted to having consumed three or four forty-ounce containers of beer that day. In Officer Ball's opinion, Appellant was too unstable to be safely subjected to a field sobriety test. Thus, Ball took Appellant to a nearby hospital for a blood-alcohol test which ultimately revealed Appellant to have a blood alcohol concentration of 0.30 grams/100 milliliters—nearly four times the legal limit. The Dodge was owned by Pam Moore, Appellant's girlfriend.

Appellant's account of the events differed from Officer Ball's. At trial, Appellant conceded that he was intoxicated but claimed that another (non-testifying) person had actually driven Appellant to the apartment complex so that Appellant could borrow some money from his grandmother in order to purchase more beer. According to Appellant, the two arrived at the apartment complex, at which point Appellant entered his grandmother's apartment to use the restroom. He returned to the car after several minutes to find the driver missing. Appellant decided to look inside the Dodge for a cigarette to smoke while he "worked up the nerve" to ask his grandmother to loan him the beer money. Just as he sat down in the driver's seat, he noticed Officer Ball's police cruiser come to a halt behind the Dodge.

The only eyewitness testimony offered by the Commonwealth was that of Officer Ball. Appellant presented three witnesses in his defense, including himself. Ray Nester, Appellant's uncle, testified that Appellant and several other persons had been at Nester's residence earlier that same day, drinking beer and socializing.

However, because he was inside the house with the blinds closed, napping, while the others were socializing on the porch, Nester could not say exactly who was present or when Appellant (or anyone else) arrived or departed. Appellant's grandmother testified that Appellant entered her apartment at the time in question, used the restroom, hugged her and briefly exchanged pleasantries, then stated his intention to return and exited. She testified that Appellant appeared sober and did not smell of alcohol.

## I. JURY INSTRUCTIONS.

Appellant argues that he was unduly prejudiced by the trial court's refusal to instruct the jury on alcohol intoxication, KRS 222.202(1), as a defense to the charge of operating a motor vehicle with an alcohol concentration of or above 0.08, KRS 189A.010(1)(a), or operating a motor vehicle while under the influence of alcohol, KRS 189A.010(1)(b).

■ "It shall be the duty of the court to instruct the jury in writing on the law of the case...." RCr 9.54(1). Under this rule, "[t]he jury instructions must be complete and the defendant has a right to have every issue of fact raised by the evidence *and material to his defense* submitted to the jury on proper instructions." *Hayes v. Commonwealth*, 870 S.W.2d 786, 788 (Ky. 1993) (emphasis added). Appellant conceded that he was intoxicated when he encountered Officer Ball. His "defense" was that a third party, not he, was operating the motor vehicle, and the only offense that he committed was alcohol intoxication—because he was intoxicated in a public place, but not operating a motor vehicle. As such, Appellant asserts that an instruction on alcohol intoxication was required because that instruction raised an "issue of fact ... material to his defense,"

*id.,* and, thus, mandated an instruction on the issue.

■ "A defendant is entitled to an instruction on any lawful defense which he has. Although a lesser included offense is not a defense within the technical meaning of those terms as used in the penal code, it is, in fact and principle, a defense against the higher charge." *Slaven v. Commonwealth,* 962 S.W.2d 845, 856 (Ky. 1997) (citations omitted). KRS 505.020(2) establishes whether a charge is a lesser-included offense. *Perry v. Commonwealth,* 839 S.W.2d 268, 272 (Ky.1992); *Hart v. Commonwealth,* 768 S.W.2d 552, 553 (Ky.App.1989). Under KRS 505.020(2), "[a] defendant may be convicted of an offense that is included in any offense with which he is formally charged. An offense is so included when: (a) It is established by proof of *the same or less than all the facts required to establish the commission of the offense charged....*" (Emphasis added.) *See also Wombles v. Commonwealth,* 831 S.W.2d 172, 175–76 (Ky.1992); *Turpin v. Commonwealth,* 780 S.W.2d 619, 622 (Ky.1989), *overruled on other grounds by Thomas v. Commonwealth,* 864 S.W.2d 252, 260 (Ky.1993). As the trial court properly stated, alcohol intoxication is not a lesser included offense of DUI because each requires proof of an element that the other does not. *Com-*

*monwealth v. Burge,* 947 S.W.2d 805, 811 (Ky.1996).

■ KRS 222.202 states, *inter alia:*

(1) A person is guilty of alcohol intoxication when he appears in a public place manifestly under the influence of alcohol to the degree that he may endanger himself or other persons or property, or unreasonably annoy persons in his vicinity.

KRS 189A.010(1) provides in pertinent part:

A person shall not operate or be in physical control of a motor vehicle anywhere in the state:

(a) Having an alcohol concentration of 0.08 or more as measured by a scientifically reliable test or tests of a sample of the person's breath or blood taken within two (2) hours of cessation of operation or physical control of a motor vehicle;

(b) While under the influence of alcohol;
....

Each offense requires proof of at least one element that the other does not, *i.e.,* being manifestly intoxicated in public[1] to the degree that the suspect or others may be endangered (for alcohol intoxication); and being in operation of a motor vehicle while having an alcohol concentration of 0.08 or while under the influence of alcohol (for DUI).[2] As such, neither is a lesser-included offense of the other. "[I]f the lesser

---

1. KRS 189A.010(1) prohibits operating a motor vehicle under the influence of intoxicants on private property; proof that a violation occurred in public is not required. *Lynch v. Commonwealth,* 902 S.W.2d 813, 815 (Ky. 1995) (phrase "anywhere in the state" in statute includes private driveway).

2. In actuality, the two offenses share no common elements: DUI under KRS 189A.010(1) requires only an alcohol concentration of 0.08 or a finding that a driver is merely "under the influence of alcohol," whereas alcohol intoxi-

cation requires proof that a defendant is "manifestly under the influence of alcohol to the degree that...." *See Harris v. City of Tulsa,* 589 P.2d 1082, 1086 (Okla.Crim.App. 1979) ("In order to convict an accused charged with 'operating a motor vehicle ... while under the influence of intoxicating liquor' it is not required that the jury find that the accused was intoxicated or drunk, but only that such driver be 'under the influence of intoxicating liquor'....") (quotations omitted).

offense requires proof of a fact not required to prove the greater offense, then the lesser offense is not included in the greater offense, but is simply a separate, uncharged offense." *Colwell v. Commonwealth*, 37 S.W.3d 721, 726 (Ky.2000); *Commonwealth v. Day*, 983 S.W.2d 505, 509 (Ky.1999). *See also Harris v. City of Tulsa*, 589 P.2d 1082, 1085–86 (Okla.Crim. App.1979) (holding instruction for public intoxication not required as lesser-included offense in prosecution for DUI). Therefore, Appellant was not entitled to an instruction on alcohol intoxication on the premise that it is a lesser-included offense.

■■■ Appellant next asserts that he was entitled to an instruction on alcohol intoxication because, though not a lesser-included offense, it is a "lesser" offense that served as a defense to the DUI charge in that a finding of guilt of the former would preclude a finding of guilt of the latter. That, of course, is incorrect. If alcohol intoxication is not a lesser included offense of DUI, then, if properly charged, the jury could find guilt of both. *Burge*, 947 S.W.2d at 811. Further, the fact that the evidence would support a guilty verdict on a lesser uncharged offense does not entitle a defendant to an instruction on that offense. *Kotila v. Commonwealth*, 114 S.W.3d 226, 242 n. 3 (Ky.2003), *overruled on other grounds by Matheney v. Commonwealth*, 191 S.W.3d 599 (Ky.2006).

Appellant relies exclusively on *Taylor v. Commonwealth*, 995 S.W.2d 355 (Ky.1999), *Sanborn v. Commonwealth*, 754 S.W.2d 534 (Ky.1988), and *Mishler v. Commonwealth*, 556 S.W.2d 676 (Ky.1977), for the proposition that a requested instruction is required for "each theory of the case supported by the testimony *to any extent*," Appellant's Brief, at 6, regardless of whether it is a lesser-included offense of the crime charged.

*Taylor* and *Mishler* are clearly inapposite, as both involve the erroneous refusal to instruct the jury on a defendant's statutory defenses to the charged crimes, no matter how improbable under the facts. *Taylor*, 995 S.W.2d at 361 (finding error when trial court refused to instruct jury on statutory justification of duress, KRS 501.090, despite paucity of supporting evidence); *Mishler*, 556 S.W.2d at 679–80 (finding error when trial court refused to instruct on defense of intoxication, KRS 501.080, because, if found, it would negate requisite culpable mental state). *See also Hayes v. Commonwealth*, 870 S.W.2d 786, 788–89 (Ky.1993) (error to refuse instruction on self-defense or protection of others, KRS 503.050, .070); *Commonwealth v. Sanders*, 685 S.W.2d 557, 558–59 (Ky.1985) (discussing when instruction on intoxication defense is required); *Lawson v. Commonwealth*, 309 Ky. 458, 218 S.W.2d 41, 42 (1949) (self-defense); *Nall v. Commonwealth*, 208 Ky. 700, 271 S.W. 1059 (1925) (common law defense of coercion). However, Appellant's claim does not involve an instruction on a legal "defense" or "justification" under the penal code. Thus reliance on *Mishler* and *Taylor* is misplaced.

■■■ Although *Sanborn* does contain language suggesting an instruction on a separate, uncharged, but "lesser" offense is required whenever the evidence could conceivably support the charge, 754 S.W.2d at 550, we note that *Sanborn* is a plurality opinion [3] of limited precedential value. "[A] minority opinion has no binding precedential value ... [and] if a majority of the court agreed on a decision in the case, but less than a majority could agree on the reasoning for that decision, the

---

3. Three justices concurred in the opinion, and two justices concurred in result only.

decision has no stare decisis effect." *Fugate v. Commonwealth,* 62 S.W.3d 15, 19 (Ky.2001) (quoting *Ware v. Commonwealth,* 47 S.W.3d 333, 335 (Ky.2001)).

"[W]here *there is no room for any possible theory except that he is guilty . . . or he is innocent,* there is no reason for the court to instruct on lesser offenses. . . ." *Commonwealth v. Wolford,* 4 S.W.3d 534, 538–39 (Ky.1999) (emphasis added). An instruction on a separate, uncharged, but "lesser" crime—in other words, an alternative theory of the crime—is required only when a guilty verdict as to the alternative crime would amount to a defense to the charged crime, *i.e.,* when being guilty of both crimes is mutually exclusive. This is a subtle distinction that the broad language in *Sanborn* does not necessarily make. Even in that case, however, the defendant's proposed instructions were for offenses that would have excluded the charged offenses. As such, we depart from *Sanborn* to the extent that it requires alternate theory instructions as to uncharged crimes whenever the evidence suggests the existence of such crimes. To do otherwise would allow a criminal appellant to seek reversal of his conviction simply because the trial court failed to instruct as to all the criminal acts he may have committed, regardless of whether the other uncharged crimes have any bearing on guilt as to the charged crimes.

## II. CONTINUANCE.

Appellant asserts that it was reversible error for the trial court to deny his motion for a continuance, filed on January 5, 2005, thirteen days prior to trial.

"[T]he granting of a continuance is within the sound discretion of the trial court and a conviction will not be reversed for failure to grant a continuance unless that discretion has been plainly abused and manifest injustice has resulted." *Taylor v. Commonwealth,* 545 S.W.2d 76, 77 (Ky.1976); *see also Williams v. Commonwealth,* 644 S.W.2d 335, 336–37 (Ky.1982). Whether a continuance is warranted in a particular case depends upon the particular facts and circumstances of that case. *Snodgrass v. Commonwealth,* 814 S.W.2d 579, 581 (Ky. 1991), *overruled on other grounds by Lawson v. Commonwealth,* 53 S.W.3d 534 (Ky. 2001).

In exercising its discretion, a trial court considers the following factors:

> length of delay; previous continuances; inconvenience to litigants, witnesses, counsel and the court; whether the delay is purposeful or is caused by the accused; availability of other competent counsel; complexity of the case; and whether denying the continuance will lead to identifiable prejudice.

*Snodgrass,* 814 S.W.2d at 581. Although no previous continuances were requested or granted, Appellant did not file his motion for a continuance until one day after the "report date" by which all such motions were required to be filed.[4] Additionally, the case was not complex: the Commonwealth called three witnesses, the arresting officer and two witnesses who testified for the sole purpose of laying the foundation for introducing Appellant's blood-alcohol test result; Appellant called three witnesses, his uncle, his grandmother, and himself.

---

4. At Appellant's arraignment on September 27, 2004, the trial court issued an order that stated, *inter alia,* "After the report date [January 4, 2005], the Court will not . . . continue any cases except for good cause." Appellant filed his motion to continue on January 5, 2005.

Moreover, Appellant has failed to identify any prejudice resulting from the denial of his motion. Although he claims that more time was needed to investigate the case, prepare a defense, and "request[ ] additional experts ... as well as pursue[ ] suppression issues," he failed to comply with the requirements of RCr 9.04 (requiring affidavit showing materiality of evidence or expected witness testimony if continuance granted) or to suggest with any detail how the substantial evidence against him might be mitigated by an alternate theory were he granted a continuance. Denials of criminal defendants' motions for a continuance for failure to comply with the procedural requirements of RCr 9.04, including the required showing of prejudice, have uniformly been upheld on appeal. *E.g., Harris v. Commonwealth,* 869 S.W.2d 32, 33–34 (Ky.1993) (defendant failed to show prejudice where defense counsel withdrew five days prior to trial, no grounds stated in support of RCr 9.04 motion, new counsel received complete file, discovery complete, and no additional witnesses to subpoena); *Estep v. Commonwealth,* 663 S.W.2d 213, 216 (Ky.1983) (though absent witness identified, expected testimony as set forth in affidavit would be cumulative, thus no prejudice); *Sussman v. Commonwealth,* 610 S.W.2d 608, 612–13 (Ky.1980) (where requested bill of particulars was provided orally three days prior to trial, and seventeen months after motion therefor, defendant was still required to submit affidavit under RCr 9.04); *Cornwell v. Commonwealth,* 523 S.W.2d 224, 227–28 (Ky.1975) (defendant filed proper affidavit stating expected testimony of absent witness who had testified at two prior trials, but failed to ensure that issued subpoena was actually served on prospective witness); *Bagby v. Commonwealth,* 424 S.W.2d 119, 121 (Ky.1968) ("Without an affidavit revealing facts which show to us that the trial court abused its discretion we will not declare that an error was committed."); *Whalen v. Commonwealth,* 891 S.W.2d 86, 88 (Ky.App.1995) (defendant failed to disclose testimony absent witness would provide), *overruled on other grounds by Moore v. Commonwealth,* 990 S.W.2d 618 (Ky.1999). *Cf. Taylor v. Commonwealth,* 545 S.W.2d 76, 77 (Ky. 1976) (though denial of continuance was improper in rape case where defense counsel was appointed one day before trial, reversal not required because evidence of guilt was overwhelming, thus prejudice not shown).

In the case *sub judice,* the affidavit filed with Appellant's untimely RCr 9.04 motion failed to disclose the materiality of the witnesses or evidence that could be presented if the motion were granted; thus no prejudice was shown. As such, the trial court's decision was not "arbitrary, unreasonable, unfair, or unsupported by sound legal principles," *Commonwealth v. English,* 993 S.W.2d 941, 945 (Ky.1999), and thus no abuse of discretion occurred.

Accordingly, the judgment of the Montgomery Circuit Court is AFFIRMED.

All concur.