John Ray **WILLIAMS**, Appellant,

v.

**COMMONWEALTH OF KENTUCKY,** Appellee.

No. 2004–SC–1006–DG.

Supreme Court of Kentucky.

Dec. 21, 2006.

---

12. *Burton,* 116 S.W.3d at 479.

(15) years imprisonment. The Court of Appeals affirmed Appellant's convictions. On discretionary review to this Court, we reverse and remand for a new trial.

The crimes for which Appellant was convicted stem from allegations made by S.S., age 14, that Appellant, age 39, attempted to have sexual intercourse with her on three separate occasions, and on one occasion forced her to perform oral sex.

On September 24, 2001, a Calloway County Grand Jury returned indictment No. 01–CR–00191 charging Appellant with Count 1, First Degree Sodomy, and with the following on Counts 2, 3, and 4:

> That during the month of May, 2001, in Calloway County, Kentucky, the above named Defendant committed the offense of Third Degree Rape, by *attempting*, to engage in sexual intercourse with a 14 year old juvenile, in violation of KRS 510.060(1.)

(Emphasis added). However, over one year later, on November 22, 2002, the case was resubmitted to another Calloway County Grand Jury, which returned superseding indictment 02–CR–00228. All charges were substantially the same, except the new indictment removed all references to the words "by attempting."

At trial, significant evidence concerned changes in S.S.'s recollection of her relationship with Appellant. The Commonwealth's first witness, Captain Dennis McDaniel, testified that the charges arose out of an interview with S.S. in which she alleged "attempted" sexual intercourse only. He went on; however, to testify that S.S. changed her story twice, finally claiming Appellant fully penetrated her on three occasions.

S.S. then testified. She claimed that she and Appellant had a relationship she "liked very much" and that she was in love with Appellant. On direct examination S.S. re-

Raymond D. McGee, Smithland, Counsel for Appellant.

Gregory D. Stumbo, Attorney General, Perry T. Ryan, Assistant Attorney General, Office of Criminal Appeals, Office of the Attorney General, Frankfort, Counsel for Appellee.

GRAVES, Justice.

In March of 2003, a jury of the Calloway Circuit Court convicted Appellant of three counts of third degree rape. For this crime, Appellant was sentenced to fifteen

called only two sexual encounters, but during cross-examination S.S's story evolved again, claiming as many as five occasions of sexual intercourse.

Appellant was subsequently convicted of third degree rape. The Court of Appeals affirmed and this Court granted discretionary review. For the reasons set forth herein, we reverse.

■ Appellant argues that the Court of Appeals erred when it found that Appellant was not entitled to a jury instruction on the lesser-included offense of attempted third degree rape. We agree with Appellant and find reversible error.

This Court does not believe, as the Court of Appeals found, that the failure of Appellant's counsel to offer proof that the victim fabricated the allegations insulates the trial court's limited instructions from error. As written in Cooper's *Kentucky Instructions to Juries,* (Criminal) § 1.05 (3rd ed.1993):

> An instruction on a lesser included offense may be authorized even if inconsistent with the defendant's theory of the case, e.g. if it is supported by the Commonwealth's evidence.

(*quoted in Garland v. Commonwealth,* 127 S.W.3d 529, 536 n. 5 (Ky.2003)).

■ Under Kentucky law, "it is the duty of the trial judge to prepare and give instructions on the whole law of the case...[including] instructions applicable to every state of the case deducible or supported to any extent by the testimony." *Taylor v. Commonwealth,* 995 S.W.2d 355, 360 (Ky.1999). The "whole case" included the victim's prior statement, which establishes an issue for the jury as to whether intercourse occurred on three occasions, was attempted, or did not occur.

It matters not if Appellant successfully, forcibly engaged in intercourse or he consensually engaged in intercourse with a person less than sixteen (16) years old. In either case, he would be guilty of rape, albeit a different degree. The issue is, however, whether he engaged in intercourse or attempted to engage in intercourse. There was sufficient evidence to permit the jury to believe S.S.'s prior statement that intercourse did not occur but only an attempt, and thus, Appellant was entitled to an instruction which would allow that determination. Therefore, we vacate Appellant's conviction and remand the case for further proceedings.

We need not address the remainder of Appellants' arguments as they are rendered moot by this opinion or are unlikely to recur upon remand.

For the reasons set forth herein, the judgment of the Calloway Circuit Court is reversed and the case is remanded for further proceedings consistent with this opinion.

LAMBERT, C.J., GRAVES, MINTON, NOBLE, and SCOTT, J.J., concur.

McANULTY, J., not sitting.

WINTERSHEIMER, J., dissents in a separate opinion.

WINTERSHEIMER, Justice, dissenting.

I must respectfully dissent from the majority opinion because the evidence did not justify a jury instruction as to a criminal attempt to commit rape in the third degree.

The thrust of the defense in this matter was a total denial by Williams of any criminal activity. He did not present any alternative theory of defense. The Court of Appeals properly ruled that the evidence did not justify a jury instruction as to a criminal intent to commit rape in the third degree because the affidavit of the victim,

which was not admitted into evidence, stated that Williams did not forcibly rape her, which would have been a defense to rape in the first degree but not in the third degree.

The testimony presented through the affidavit does not require an attempted rape in the third degree instruction. Third degree rape considers consensual sexual intercourse by an adult with a person less than 16 years old. The victim here was 14 years old. The allegations contained in the affidavit relate to attempted sexual intercourse by forcible compulsion or rape in the first degree which is KRS 510.040. Attempted rape in the first degree is not a lesser-included offense of rape in the third degree.

An instruction on a lesser-included offense should not be given unless the evidence is such that a reasonable juror could doubt that the defendant is guilty of the crime charged but conclude that he is guilty of a lesser-included offense. *Luttrell v. Commonwealth*, 554 S.W.2d 75 (Ky. 1977).

I would affirm the conviction in all respects.