# IMPORTANT NOTICE
# NOT TO BE PUBLISHED OPINION

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED."
PURSUANT TO THE RULES OF CIVIL PROCEDURE
PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C),
THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE
CITED OR USED AS BINDING PRECEDENT IN ANY OTHER
CASE IN ANY COURT OF THIS STATE; HOWEVER,
UNPUBLISHED KENTUCKY APPELLATE DECISIONS,
RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR
CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED
OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE
BEFORE THE COURT. OPINIONS CITED FOR CONSIDERATION
BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED
DECISION IN THE FILED DOCUMENT AND A COPY OF THE
ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE
DOCUMENT TO THE COURT AND ALL PARTIES TO THE
ACTION.

WILLIE L. LITTLE                                                                    APPELLANT


                    ON APPEAL FROM LETCHER CIRCUIT COURT
V.                  HONORABLE SAMUEL T. WRIGHT, III, JUDGE
                            NO. 07-CR-00208


COMMONWEALTH OF KENTUCKY                                          APPELLEE


                    **MEMORANDUM OPINION OF THE COURT**

                 **AFFIRMING IN PART AND REVERSING IN PART**

        Appellant, Willie E. Little, was a passenger in a car that was stopped in Norton, Virginia. Officer James McReynolds of the Norton City Police Department detained Appellant during the stop, eventually placing him under arrest. Due to malfunctioning audio equipment in Officer McReynolds' vehicle, Appellant was placed in the unmarked cruiser of Sergeant Grey Mays, another officer who had arrived at the scene. However, Sergeant Mays' vehicle did not have a "cage" for transporting prisoners and, as a result, Appellant was handcuffed behind his back and placed in the front seat of the vehicle on the passenger side.

        The officers gathered behind the vehicle to speak to one another. While they were talking, they heard the driver's side door close and the vehicle pulled away at a high rate of speed. Trooper Jason Nichols got into his own cruiser,

activated his emergency lights, and gave chase. Kentucky State Trooper Randy Surber received a dispatch that someone had stolen a police cruiser and was on Highway U.S. 23 headed toward Kentucky. Surber positioned himself on U.S. 23 north of the state line and retrieved a stinger, or spike strip, from the trunk of his car. Appellant appeared to be in the left lane in an attempt to bypass the officer, so Surber stood across the fog line and threw the spike strip. As the spike strip was deployed, Appellant veered to the right to avoid it, missing Surber by "a few feet or inches." Appellant continued driving down U.S. 23.

Sergeant Adam Swindell of the Jenkins Police Department was heading south-bound on U.S. 23 and pulled over to deploy another spike strip. Appellant was in the left turn lane in an apparent attempt to turn onto U.S. 119 toward Whitesburg. Swindell ran across the highway to the center of the road, threw a spike strip in front of Appellant's vehicle, and ran back toward the left-hand side of the road. Appellant swerved as the spike strip was thrown and came within five or six feet of Swindell. Approximately a half mile down the road, Appellant's vehicle began to fishtail and was stopped by a large rock.

Appellant was tried in Letcher Circuit Court. After a two-day trial, the jury found Appellant guilty of two counts of wanton endangerment in the first degree, fleeing or evading police in the first degree, criminal mischief in the first degree, and being a persistent felony offender in the second degree. Appellant received a cumulative sentence of imprisonment for twenty years. He now

appeals the final judgment entered as a matter of right, Ky. Const. § 110(2)(b).

Appellant raises multiple issues on appeal: (1) the trial court allowed the introduction of unauthenticated documents during the PFO phase; (2) the convictions for wanton endangerment and fleeing or evading police violated double jeopardy; and (3) the trial court omitted an essential element in the jury instructions for fleeing or evading police in the first degree.

### Unauthenticated documents during PFO phase

During the PFO phase of the trial, the Commonwealth sought to introduce two documents to prove a prior felony conviction sufficient to support the charge. KRS 532.080(2). The first document was a facsimile of a 1970 murder indictment in the Pike Circuit Court. The document contained a certification that it was "an exact photocopy of the original unaltered document," and that the original was "on deposit with the Kentucky Department for Libraries and Archives, Public Records Division." The second document was a photocopy of a certified copy of the original judgment from probation and parole records in Pike County.

Over Appellant's objection, the trial court allowed both documents to be introduced. As to the facsimile, the trial court stated that since the document came from the Kentucky Department for Libraries and Archives and was being produced through the Pike Circuit Clerk's office, the authenticity was sufficiently established. As to the second document, the trial court allowed its introduction because the judgment was a record of a state agency that was

3

kept in the regular course of its business. Appellant moved for a directed verdict on the PFO charge, stating that the documents were not properly authenticated, and that as such, there was insufficient proof to sustain a conviction. The trial court denied Appellant's motion.

The admission of these documents was error. The Commonwealth concedes as such.[1] KRS 532.080(2) requires the Commonwealth to prove, in order to establish guilt as a second-degree persistent felony offender, that the defendant is more than 21 years of age and stands convicted of a felony after having been convicted of one previous felony; that he was more than 18 years of age at the time of the prior offense; and his parole status. The Commonwealth has the burden of proving every element of the charge. *Adams v. Commonwealth*, 551 S.W.2d 561 (Ky. 1977). However, evidence of a prior conviction "must come from the official court record, or certified copies thereof." *Finnell v. Commonwealth*, 295 S.W.3d 829, 835 (Ky. 2009). *Finnell* noted that in the case of *Commonwealth v. Mixon*, 827 S.W.2d 689 (Ky. 1992), testimony was given concerning an uncertified document, but stated "that should not be read as an endorsement of using anything other than official records or certified copies thereof." *Id.* at 834.

In addition, KRE 902(4) provides that certified copies of public records are self-authenticating and admissible into evidence. However, the documents presented to the trial court by the Commonwealth were either a copy of a

---

[1] In its brief to this Court, the Commonwealth states: "While the circuit court may be correct that considering the source authenticity is sufficiently established, the Commonwealth, in particular this attorney, at this time is somewhat constrained from arguing that such was not error."

certified copy or received via facsimile. In practical effect, both documents are copies of certified copies. KRE 902 does not provide for self-authentication of copies of certified copies, nor does it attach certified copy status to such a document. "'Certified copies' cannot and does not mean copies of certified copies." *State v. McGuire*, 555 P.2d 330, 333 (Ariz. 1976) (emphasis in original). Allowing the introduction of these documents would invite tampering and alteration, especially through expert use of copying machines or other forms of technology. Ultimately, we feel that these documents "lack[] the requisite indicia of reliability necessary to reliably prove a defendant's prior convictions." *Finnell*, 295 S.W.3d at 835.

In the instant case, the Commonwealth failed to offer official court records or certified copies of Appellant's prior conviction. Therefore, Appellant's conviction for being a second-degree persistent felony offender must be reversed. However, on remand, double jeopardy principles will not preclude further proceedings. Here, we are reversing Appellant's PFO conviction not because the Commonwealth failed to present sufficient evidence, but because the evidence introduced was improperly authenticated and, therefore, incompetent. *See Merriweather v. Commonwealth*, 99 S.W.3d 448 (Ky. 2003). There was sufficient evidence to sustain a second-degree persistent felony offender conviction. However, such evidence should have come in the form of official court records or certified copies thereof. As this Court has previously stated:

> [R]eversal for a trial error which incorrectly admitted incompetent evidence does not constitute a decision that the government has failed to prove its case. Rather, it is a determination that although the government did prove its case, it did so by evidence which was incompetent, and defendant is entitled to a new trial free of this procedural defect.

*Commonwealth v. Mattingly*, 722 S.W.2d 288, 288-89 (Ky. 1986).

Accordingly, Appellant's conviction for being a second-degree persistent felony offender is reversed and the matter is remanded to the Letcher Circuit Court for a new penalty phase of the trial.

### *Double jeopardy*

Appellant's next assignment of error is that his convictions for first-degree wanton endangerment and first-degree fleeing or evading violate double jeopardy principles. Specifically, Appellant argues that operating a motor vehicle with the intent to elude or flee the police will always manifest extreme indifference for the value of human life. Additionally, Appellant states that the same evidence was used by the Commonwealth to prove both offenses. Appellant concedes that this argument is not preserved for review. Nevertheless, we have held that failure to object on grounds of double jeopardy does not constitute a waiver of the right to raise the issue for the first time on appeal. *Brooks v. Commonwealth*, 217 S.W.3d 219, 221-22 (Ky. 2007).

Kentucky follows the *Blockburger* rule "as the sole basis for determining whether multiple convictions arising out of a single course of conduct constitutes double jeopardy." *Taylor v. Commonwealth*, 995 S.W.2d 355, 358

6

(Ky. 1999). The applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not. *Id.* (quoting *Blockburger v. United States*, 284 U.S. 299, 304 (1932)).

We find Appellant's argument to be without merit. This issue was addressed by this Court in *Brown v. Commonwealth*, 297 S.W.3d 557 (Ky. 2009). In *Brown*, this Court stated:

> [A]s with first-degree wanton endangerment, the three elements of operating a motor vehicle, having intent to elude or flee, and disobeying a police officer's direction to stop are required of the fleeing or evading police charge but not of the wanton endangerment charge. Consequently, each provision requires proof of a fact that the other does not. Thus, Appellant's convictions for first-degree fleeing or evading police and first-degree wanton endangerment do not constitute double jeopardy.

*Id.* at 563.

Furthermore, it is a well-established principle that "[a]n overlap of proof does not necessarily establish a double jeopardy violation." *Smith v. Commonwealth*, 905 S.W.2d 865, 867 (Ky. 1995). Accordingly, Appellant's convictions for first-degree wanton endangerment and first-degree fleeing or evading do not violate the principles of double jeopardy.

### Jury instructions

Appellant's final assignment of error is that the instructions given to the

7

jury for the first-degree fleeing or evading charge omitted multiple essential elements of the crime. Appellant concedes this argument is not preserved, but nevertheless requests palpable error review under RCr 10.26.

The instruction, as given to the jury, states:

> You will find the Defendant guilty of 1st Degree Fleeing/Evading Police under this Instruction if, and only if, you believe from the evidence beyond a reasonable doubt all of the following:
>
> A. That in this County on or about September 16, 2007, and before the finding of the Indictment herein, he operated a motor vehicle with the intent to flee or elude;
>
> AND
>
> B. That his act of fleeing or eluding caused or created a substantial risk of serious physical injury or death to Trooper Randy Durber and/or Officer Adam Swindell.
>
> If you find the Defendant guilty of Fleeing or Evading the Police 1st Degree under this Instruction, you will so indicate on the Verdict Form provided with these Instructions and nothing more as to this Count of the Indictment.

According to Appellant, this instruction fails to include several key elements found in KRS 520.095(1). Specifically, Appellant states that the instructions failed to include the requirements that a defendant "knowingly or wantonly disobeys a direction to stop his or her motor vehicle, given by a person recognized to be a police officer." As such, Appellant contends that the jury instruction was so deficient as to deny him his substantial rights. We

8

disagree.

While it is true that any error in jury instructions is presumed to be prejudicial, this presumption can be successfully rebutted upon a showing that the error was harmless. *Harp v. Commonwealth*, 266 S.W.3d 813, 818 (Ky. 2008). The United States Supreme Court has stated that an erroneous jury instruction that omits an essential element of the offense is subject to the harmless error analysis. *Neder v. United States*, 527 U.S. 1, 9 (1999); *Delaware v. Van Arsdall*, 475 U.S. 673, 681 (1986). This ruling is in accord with a line of cases in which juries were given instructions consistent with the charged crime, yet where error occurred because a necessary element of the offense was omitted. *See Wright v. Commonwealth*, 239 S.W.3d 63 (Ky. 2007); *Thacker v. Commonwealth*, 194 S.W.3d 287 (Ky. 2006); *Commonwealth v. Potts*, 884 S.W.2d 654 (Ky. 1994). However, due to the fact that this error is unpreserved, harmless error review in this instance is inappropriate. *See Martin v. Commonwealth*, 207 S.W.3d 1, 5 (Ky. 2006) ("[R]eviewing courts should endeavor to avoid mixing the concepts of palpable error and harmless error. One is not the opposite of the other."). As such, the proper standard of review in this case is to determine whether an RCr 10.26 violation occurred.

After reviewing the record in this case, we conclude that the jury verdict would have been the same had the jury been properly instructed on first-degree fleeing or evading. The evidence offered at trial by the Commonwealth showed that Appellant sat alone in an officer's unmarked vehicle, moved into the

9

driver's seat, and then led multiple police cruisers on a high-speed chase through parts of Virginia and Kentucky. This ultimately led to Appellant nearly striking two Kentucky police officers who were attempting to lay down spike strips.

We have recently addressed the palpable error standard in *Sanders v. Commonwealth*, No. 2008-SC-000118-MR, 2010 WL 254258 (Ky., January 21, 2010) and *Carver v. Commonwealth*, No. 2007-SC-000428-MR, 2010 WL 274557 (Ky., January 21, 2010). Those two cases required reversals because the juries found the respective defendants guilty under jury instructions which, on their face, did not constitute a crime, or at least not the crime charged. Such instructions, by their very nature, rise to a manifest injustice and palpable error. Here, however, the elements are consistent with the crime charged, but the error regards a missing element.

Given the evidence introduced at trial, to which Appellant offers nothing to the contrary, we believe that a jury could reasonably find that Appellant "knowingly or wantonly disobey[ed] a direction to stop his . . . motor vehicle, given by a person recognized to be a police officer." Accordingly, we cannot say that the error present in the jury instructions was "so fundamental as to threaten . . . defendant's entitlement to due process of law." *Martin*, 207 S.W.3d at 3. Thus, it does not rise to a manifest injustice or palpable error.

For the reasons stated herein, the judgment and sentence of the Letcher Circuit Court regarding the second-degree persistent felony offender conviction

10

is reversed, and this matter is remanded to the trial court for a new penalty phase trial. We affirm Appellant's convictions for wanton endangerment in the first degree, fleeing or evading in the first degree, and criminal mischief in the first degree.

All sitting. All concur.

COUNSEL FOR APPELLANT:

Thomas More Ransdell
Assistant Public Advocate
Department of Public Advocacy
100 Fair Oaks Lane, Suite 302
Frankfort, KY 40601

COUNSEL FOR APPELLEE:

Jack Conway
Attorney General

Gregory C. Fuchs
Assistant Attorney General
Office of Attorney General
Criminal Appellate Division
1024 Capital Center Drive
Frankfort, KY 40601-8204