**Carl Cornelius ALLEN, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

**98–SC–1012–MR.**

Supreme Court of Kentucky.

Nov. 18, 1999.

Mark A. Matics, Fayette County Legal Aid, Lexington, for Appellant.

A.B. Chandler III, Attorney General of Kentucky, Todd D. Ferguson, Assistant Attorney General, Criminal Appellate Division, Office of the Attorney General, Frankfort, for Appellee.

JOHNSTONE, Justice.

Appellant, Carl Allen, was convicted of wanton murder, tampering with physical evidence, and second-degree persistent felony offender. He was sentenced to life imprisonment on the murder charge and five years on the tampering charge, which was enhanced to ten years pursuant to the PFO II charge. He appeals to this Court as a matter of right. We affirm the tampering and second-degree persistent felony offender convictions and sentence. However, because of an error in the instructions, we reverse the wanton murder conviction and remand for a new trial.

On December 29, 1997, Allen shot and killed Jamil Butler. Allen fled to Chicago after the killing where he arranged to hire two men to move Butler's body and to clean up the crime scene. Apparently, Allen assisted in the cleanup operation

which included patching bullet holes in the walls and cabinetry, painting the entire room, and removing the tile from the kitchen floor. Additionally, Allen had new tile professionally installed in the kitchen. The clothes the three men wore during the cleanup were disposed of in a dumpster and were never recovered. Butler's nude body was wrapped in a blanket and dumped on a farm in rural Woodford County, Kentucky.

On appeal, Allen argues solely that his conviction for wanton murder was in error.

The jury was instructed on intentional murder, wanton murder, first- and second-degree manslaughter, reckless homicide, and tampering with physical evidence. At a bench conference just prior to reading the instructions to the jury, defense counsel objected unsuccessfully to including an instruction on wanton murder. Defense counsel then moved the trial court to include self-protection as a defense in the wanton murder instruction. Defense counsel argued that this was allowed by recent developments in the law. In denying this motion, the trial court stated that if there ever was a case that justified self-protection as a defense to a wanton murder instruction, then this was that case. This comment was based on Allen's theory of the case. However, the trial court concluded that there was no room under the applicable case law for including the defense of self-protection in an instruction on wanton murder.

■ On appeal, Allen argues that including an instruction on both wanton murder and intentional murder is reversible error under *McGinnis v. Commonwealth*, Ky., 875 S.W.2d 518 (1994), overruled by *Elliott v. Commonwealth*, Ky., 976 S.W.2d 416 (1998). As the Commonwealth points out, *Elliott* was rendered on September 3, 1998, and since no petition for rehearing was filed, the opinion became final on September 24, 1998. CR 76.30. Allen's trial began on October 12, 1998.

Thus, *Elliott*, and not *McGinnis*, was the controlling precedent at the time of Allen's trial. The Commonwealth further argues that the instructions given were proper under *Elliott*. We disagree.

*Elliott*, *supra*, marks the end of the long struggle this Court has had with properly construing the homicide statutes together with the self-protection statutes. In explaining the more pertinent developments in this struggle, Justice Cooper stated in *Elliott*:

> The so-called "*Shannon*[1] problem" derives from the fact that, as here, a defendant can be deprived of a valid defense merely because the indictment charged him with wanton murder, second-degree manslaughter or reckless homicide, instead of intentional murder or first-degree manslaughter. Thus, in *McGinnis*, where the defendant claimed both self-defense and the absence of intent to kill, "the prosecutor argued in effect, repeatedly, that self-defense was not available on a charge of wanton murder, so forget the self-defense claim—the accused had convicted himself of wanton murder out of his own mouth [by testifying that he shot the victim, but did not intend to kill him]." *McGinnis*, 875 S.W.2d at 526.
>
> *McGinnis* sought to resolve the "*Shannon* problem" by holding that because intentional murder and wanton murder are parallel versions of the same offense, if a defendant claims self-defense or any other KRS Chapter 503 justification, the jury cannot be instructed on a theory of wanton murder, but must be instructed only on intentional murder, qualified by an instruction on the defense, and on any appropriate lesser included offenses. *Id.* at 524. In other words, a defendant can eliminate the possibility of a conviction of wanton murder merely by asserting a statutory defense.

*Elliott*, 976 S.W.2d at 421.

In *Elliott*, the defendant was indicted for reckless homicide. *Id.* at 418. The

1. *Shannon v. Commonwealth*, Ky., 767 S.W.2d 548 (1988).

defendant argued that he struck the victim in self-defense. *Id.* At trial, it was undisputed that the altercation between the defendant and the victim began when the victim struck the defendant on the head with a can of beer. *Id.* Relying on *Shannon, supra,* the trial court refused to instruct the jury on self-protection, which was the sole issue raised on appeal. *Id.* In our analysis of the issue, we noted that *McGinnis, supra,* had no application to the defendant's case because, unlike wanton murder, reckless homicide has no parallel intentional crime of the same classification. *Id.* at 421. Thus, under the then-current state of the law, the defendant in *Elliott* was deprived of the defense of self-protection even though there was ample evidence to support such a defense. In other words, the *Shannon* problem had not been laid to rest. This led us to the conclusion that the *Shannon* and *McGinnis* line of cases were unworkable and had to be overruled:

> Having concluded that the statutory analysis set forth in *Shannon,* Part II was fundamentally flawed, we now depart from its holding that KRS 503.120(1) precludes the assertion of self-protection and the other KRS Chapter 503 justifications as defenses to charges of wanton murder, second-degree manslaughter, or reckless homicide (as well as to charges of wanton or reckless assault), and reinstate the holdings in *Thompson v. Commonwealth,* [Ky., 652 S.W.2d 78 (1983) ], and *Kohlheim v. Commonwealth,* [Ky.App., 618 S.W.2d 591 (1981) ]. We specifically overrule *Shannon,* Part II . . . and *McGinnis* . . . to the extent that they hold otherwise. We also overrule that portion of *McGinnis* which holds that an assertion of self-defense or another KRS Chapter 503 justification precludes an instruction on wanton murder as an alternative to intentional murder.

*Id.* at 422.

Returning to the case at bar, we see that the Commonwealth has seized on part of our holding in *Elliott* and has ignored the other. The Commonwealth argues that *Elliott* holds that it is not error to give alternate instructions on wanton and intentional murder when the defendant claims self-protection. This part of the Commonwealth's argument is correct. However, *Elliott* also holds that it is error for a trial court to refuse to instruct on self-protection as a defense in regard to those offenses where the culpable mental state is wanton or reckless, when there is evidence to support the defense.

At the bench conference prior to instructing the jury, defense counsel requested that the trial court give an instruction on self-protection as a defense to the wanton murder charge. This preserved the error for review. RCr 9.54. The trial court refused to give the instruction. Further, in denying the motion, the trial court indicated that there was ample evidence to support the instruction. Additionally, the trial court instructed on self-protection as a defense in the intentional murder instruction and in the first-degree manslaughter instruction. The jury returned a guilty verdict on the wanton murder charge. On these facts and our holding in *Elliott,* failure to give an instruction on self-protection as a defense to the wanton murder charge was reversible error.

For the reasons set forth above, we affirm the judgment of the Fayette Circuit Court in regard to Allen's convictions and sentence for tampering with physical evidence and second-degree persistent felony offender. We reverse that part of the judgment in regard to his conviction and sentence for wanton murder, and we remand for a new trial on the murder charge alone.

LAMBERT, C.J.; COOPER, GRAVES, KELLER, and STUMBO, JJ., concur.

WINTERSHEIMER, J., concurs in result only.