RENDERED: OCTOBER 24, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-0980-MR

AARON FELIX WRIGHT          APPELLANT

v.        APPEAL FROM BELL CIRCUIT COURT
HONORABLE KEITH A. NAGLE, JUDGE
ACTION NO. 23-CR-00365

COMMONWEALTH OF KENTUCKY          APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CALDWELL, COMBS, AND EASTON, JUDGES.

EASTON, JUDGE: A jury convicted the Appellant ("Aaron") of First-Degree Strangulation of his wife ("Samantha") and fixed his punishment at the maximum of ten-years' imprisonment. Claiming multiple errors, Aaron appeals. After a thorough review of the record, the briefs filed by the parties, and the applicable law, we affirm.

# FACTUAL AND PROCEDURAL BACKGROUND

In 2019, Samantha and Aaron were married. In 2022, they had a son. On October 20, 2022, Aaron and Samantha were together with their infant son in the upstairs of their residence. Samantha's mother ("Debbie") was downstairs. The baby woke up, and Samantha asked Aaron for help with the baby. Samantha testified that this began an event which would end with Aaron's hands around her neck. After Debbie initially heard the verbal exchange, she decided to check on the situation when Samantha became silent.

Both Samantha and Debbie described the same thing. Aaron was choking Samantha. Samantha could not get her fingers between Aaron's hands and her neck. Samantha could not breathe and thought she was going to die. Photos were taken afterward, and they show Samantha with a bloody nose, clear handprints on her neck, and broken blood vessels in her eye.

As the event ended, Aaron supposedly admitted choking Samantha and asked Debbie what she was going to do about it. Samantha and Debbie did not immediately report the event to authorities because they said Aaron threatened to kill them all, including any police officers who came.

In the days that followed, Samantha recorded Aaron as he repeatedly admitted that he had strangled her. The jury saw two videos and heard two audio

recordings. We need provide only a brief summary of these admissions without the vulgarity of the language used.

In a video taken the day after the strangulation, Aaron has a belt around his own neck as Samantha and the baby can be seen in the same room. Aaron felt that he deserved to be punished for having choked Samantha. The audio recordings have more statements about the strangulation. A few days after the event, Aaron plainly admits that he choked Samantha. As would become significant at trial, in another recording made after prior violent acts but before this choking event, Aaron told Samantha that she was "a good, loving, caring person," who had never done anything wrong and who did not deserve the way he treated her.

On the morning of trial, by a motion filed the day before, Aaron asked for a continuance so that he could obtain records of his mental health treatment. The circuit court denied the continuance. Next the parties discussed the Commonwealth's request to introduce other acts evidence to the extent permitted by KRE[1] 404(b). The Commonwealth gave notice of this request just before 5 p.m. on the day prior to the trial. Recognizing the lateness of the notice, the circuit court initially limited the evidence to only the events of the day in question. But

---

[1] Kentucky Rules of Evidence.

just before the trial began, Aaron's counsel advised the court that he had changed his mind and did not object to evidence of other events.

The reason for this change of mind became apparent in the defense's opening statement in which Aaron was presented as the victim of domestic violence. The cross-examination of the Commonwealth's witnesses and Aaron's own testimony would follow this theme. Without objection from Aaron, Samantha testified about their entire, difficult relationship, including several instances of violence by Aaron.

Aaron met this evidence with his testimony that Samantha was always the violent one, and that he had never raised a hand to her, except in self-defense. The Commonwealth did not object to this other act evidence about Samantha. The Commonwealth would later point out that Aaron did not produce any photographs of injuries he had sustained. Aaron explained that Samantha did not allow him to have a phone which he could use to take photographs. Aaron did not call any witnesses who had observed any violence by Samantha toward him or who could confirm any injuries he had. Samantha did admit that she had hit Aaron in the past, but only when he had hit her first.

After Aaron testified in his defense, the Commonwealth called Samantha in rebuttal. Her rebuttal testimony lasted less than five minutes and mostly recounted events already testified by Samantha, as Aaron's counsel pointed

out by objection during the brief testimony. The circuit court also cut short the rebuttal by finding that an attempt to introduce more evidence about other events was "collateral." Before Samantha left the stand, Aaron's counsel informed the court that he would like to recall Aaron. The court denied the surrebuttal.

Aaron requested a jury instruction on Fourth-Degree Assault. The circuit court declined to give such an instruction. After deliberation, the jury found Aaron guilty of First-Degree Strangulation and fixed his penalty at ten years. In this appeal, Aaron argues the individual and cumulative effect of his claimed errors in the denial of the continuance, the permitted other acts evidence, the refusal to allow surrebuttal, and the failure to give a Fourth-Degree Assault instruction.

### STANDARD OF REVIEW

Denial of a continuance, rulings on evidence permitted, and a decision not to give a requested jury instruction are all reviewed for an abuse of discretion. *Morgan v. Commonwealth*, 421 S.W.3d 388, 392 (Ky. 2014) (denial of continuance); *Leach v. Commonwealth*, 571 S.W.3d 550, 553 (Ky. 2019) (evidentiary rulings); *Harris v. Commonwealth*, 313 S.W.3d 40, 50 (Ky. 2010) (denial of instruction). "The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Leach*, *supra*, at 553 (internal quotation marks and citations omitted).

When a claimed error has not been properly preserved for our review, we review for palpable error. An error is palpable where it is "easily perceptible, plain, obvious and readily noticeable." *Brewer v. Commonwealth*, 206 S.W.3d 343, 349 (Ky. 2006). Such an error will justify relief only when a manifest injustice will occur if the relief is not granted. RCr[2] 10.26. Manifest injustice requires "showing [a] probability of a different result or error so fundamental as to threaten a defendant's entitlement to due process of law." *Martin v. Commonwealth*, 207 S.W.3d 1, 3 (Ky. 2006). "Manifest injustice is found if the error seriously affected the fairness, integrity, or public reputation of the proceeding." *McGuire v. Commonwealth*, 368 S.W.3d 100, 112 (Ky. 2012) (internal quotation marks and citation omitted).

## ANALYSIS

We begin with the continuance denial. RCr 9.04 requires an affidavit to support a continuance motion. Aaron did not file an affidavit. For this reason alone, the circuit court did not abuse its discretion in denying a continuance. *See Jeter v. Commonwealth*, 531 S.W.3d 488, 495-97 (Ky. 2017).

In substance, the continuance motion explained that Aaron's counsel had met with him on the day before trial and only then learned that Aaron had been to various mental health treatment facilities during the timeframe of his

---

[2] Kentucky Rules of Criminal Procedure.

relationship with Samantha, including just after the alleged strangulation. Aaron wanted time to get the records from these facilities to support his claim of being the true victim. The records might include self-serving reports from Aaron as to why he sought treatment.

Aaron was arraigned in September of 2023. At a pretrial conference in December of 2023, the circuit court set a trial date in April of 2024. Other than Aaron then living in Salyersville instead of Middlesboro, there is no explanation for why no records were sought before the day preceding the trial. Any travel[3] to meet with counsel to prepare for a felony jury trial was not that onerous and also does not explain why Aaron did not discuss the case with his attorney telephonically or otherwise. It also does not explain why Aaron could not have obtained his own records from the facilities through correspondence before trial.

Although the prosecutors pointed out during the trial that Aaron did not have the records with him for trial, no one contested Aaron's testimony that he had been to the various facilities about which he testified. Samantha confirmed that Aaron went to the places he claimed. We note that the record contains no indication of incompetency to stand trial or a lack of criminal responsibility due to

---

[3] A standard map shows the distance between Salyersville and Middlesboro as about 140 miles, and it would take less than three hours to get there. Aaron explained that he simply could not get rides to come to Middlesboro.

mental illness. Aaron just wanted these records to support his claim that he sought

treatment because of Samantha's alleged abuse of him.

Unfortunately, there is no record of any hearing on the continuance

motion. When the recording of the trial proceedings began, there is just a mention

that the continuance had been denied. Thus, we have no explanation of the circuit

court's exercise of its discretion.

Generally, we are to assume that missing parts of a record support the

decision of the circuit court. *Commonwealth v. Thompson*, 697 S.W.2d 143 (Ky.

1985). The present situation is not a failure to designate a part of the record; it is a

failure to make the record. Even in these circumstances, it is incumbent on a party

asking for our review to create a record with a narrative statement of the missing

proceedings. *See* RAP[4] 25. Regardless of the state of any unrecorded discussion

of the continuance, the record before us enables us to evaluate whether the denial

of the continuance was permissible.

As the Court in *Morgan*, *supra*, explained, there are several factors to

consider when deciding a continuance motion. 421 S.W.3d at 392. Some of these

factors may be conceded to be in Aaron's favor, such as the lack of any prior

continuances, but other factors justify no continuance. The lack of the records

belatedly sought by Aaron resulted from his own lack of effort to obtain them in a

---

[4] Kentucky Rules of Appellate Procedure.

-8-

timely manner. The case was not complex; complexity might have suggested the need for more time to develop a defense. Most importantly, Aaron cannot identify prejudice to his case. Aaron testified about his residencies at various facilities, and Samantha confirmed much of this. The circuit court did not abuse its discretion in denying a continuance.

As for the evidence of other acts allowed, there certainly was a considerable amount of it – going both ways. Aaron cannot complain about this evidence when he withdrew any objection to it and did not renew any objection at any time during the trial. He invited any error in what was introduced. Invited errors may not be argued on appeal. *Gray v. Commonwealth*, 203 S.W.3d 679, 687 (Ky. 2006). Given Aaron's tactical decision to present himself as the victim, we find no error, much less a palpable one, in the presentation of competing narratives of who abused whom during this dysfunctional relationship.

The circuit court's categorical denial of Aaron's rebuttal evidence was erroneous. The circuit court rejected Aaron's request simply stating that "I don't think there is rebuttal after rebuttal." RCr 9.42(e) plainly states that "[t]he parties respectively may offer rebutting evidence[.]" If the Commonwealth presents evidence in rebuttal, a defendant may present evidence in surrebuttal.

Aaron did not preserve this error for our review. He was obligated to make an offer of proof or avowal of what he was going to present. KRE 103(a)(2).

Again, we find no error, much less a palpable one in the circumstances of this case. In rebuttal, Samantha basically repeated what she had already said, even if she gave more details. On the other hand, Aaron had already said he had never laid a hand on Samantha except defensively. From the context of the evidence presented, Aaron in surrebuttal would have simply said, "I didn't do that" which he had already effectively said. The circuit court was not required to allow such repetitive surrebuttal. There was no abuse of discretion. *See Pilon v. Commonwealth*, 544 S.W.2d 228, 231 (Ky 1976).

Finally, we address the refusal to give an instruction for Fourth-Degree Assault. Fourth-Degree Assault is not a lesser included offense of strangulation. The elements differ. Assault requires physical injury as defined, while strangulation requires proof of an impeded air flow, even if an injury does not result. KRS[5] 508.170; KRS 508.030. A conviction of Fourth-Degree Assault would not operate as a defense to a strangulation conviction. As a result, the circuit court did not err in refusing this instruction. *Fields v. Commonwealth*, 219 S.W.3d 742, 750 (Ky. 2007).

Even if the circuit court had otherwise considered the giving of the assault instruction, there was no abuse of discretion in denying it. No lesser-included or alternate instruction must be given unless a reasonable juror could have

[5] Kentucky Revised Statutes.

-10-

acquitted the defendant of the charged offense but separately found him guilty of the other offense. *Allen v. Commonwealth*, 338 S.W.3d 252, 255 (Ky. 2011). On the evidence presented in this case, no reasonable juror could have been convinced that what occurred was not strangulation but rather a lower level of assault.

## CONCLUSION

The circuit court did not abuse its discretion in denying a continuance. Nor did that court abuse its discretion in allowing other acts evidence which was invited by the defense or in prohibiting repetitious surrebuttal testimony. None of these alleged errors was properly preserved for our review, and we find no error, palpable or not. Finally, the circuit court did not err in refusing an instruction for Fourth-Degree Assault. No individual or cumulative error justifies reversal. The Bell Circuit Court is AFFIRMED.


ALL CONCUR.


BRIEFS FOR APPELLANT:

Steven J. Buck
Assistant Public Advocate
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Russell Coleman
Attorney General of Kentucky

Jenny L. Sanders
Assistant Attorney General
Frankfort, Kentucky